■ In the Matter of the Claim of SHELLY FEINERMAN, Respondent. BOARD OF EDUCATION OF THE CITY OF NEW YORK, Appellant. LILLIAN ROBERTS, as Commissioner of Labor, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 26, 1982, which ruled that claimant was entitled to receive benefits. Claimant was employed as a substitute teacher in the New York City school system by the Board of Education of the City of New York. On or about June 5, 1981, prior to the end of the academic year, claimant received a hand-delivered letter terminating her employment. Thereafter, on an undisclosed date, a form letter dated June 16, 1981 was reportedly mailed to some 10,000 substitute teachers by the employer. This letter, the board of education contends, gave reasonable assurance to the recipient teachers that they would have employment for the ensuing academic year. Claimant testified that she never received the June 16, 1981 letter. She stated that she found employment for the next academic year only by going to a "hiring hall" immediately before the beginning of the academic year. The only proof of mailing of the letter was given by a hearing representative of the board of education. The Unemployment Insurance Appeal Board found that there was no competent evidence to establish that the employer ever mailed a letter of reasonable assurance to claimant. The employer appeals, contending that there was sufficient proof that the letter dated June 16, 1981 was mailed to claimant and that the content of that letter gave reasonable assurance to claimant of employment in the ensuing academic year with the employer. There should be an affirmance. The record lacks sufficient competent proof that the letter dated June 16, 1981 was mailed to claimant. The representative of the board of education stated that she could not be sure if she was the one who put claimant's name on the letter, that there were at least 10,000 letters mailed but that her office "did do it". There was no testimony about where the representative worked, what her duties were in regard to the mailing of the purported letter or whether she was working at the time the letters were actually mailed. There is no testimony as to what procedure was followed in mailing the letters nor what check was made to assure that the letters were, in fact, mailed to the persons on the master payroll list that was utilized by the employer. For the presumption of delivery of a letter once mailed to arise, the "office practice must be geared so as to ensure the likelihood that [the mailing] is always properly addressed and mailed" (*Nassau Ins. Co. v Murray,* 46 NY2d 828, 830). It is necessary that there first be testimony or documentary support for a finding that the recipient had been mailed the document (*Matter of Gonzalez [Ross],* 47 NY2d 922). Clearly, the required standards were not met in the instant case (see *Matter of Bitterman v Friscos Rest.,* 91 AD2d 810;

*Matter of Sarlo v Antona Trucking Co.,* 90 AD2d 611). The determination of the appeal board must be sustained. We therefore find it unnecessary to reach the issue of whether the content of the letter dated June 16, 1981 gave reasonable assurance of future employment as a teacher with the board of education in the ensuing academic year. Decision affirmed, with costs. Mahoney, P. J., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.