■ GLEN TRAVEL PLAZA, INC., et al., Appellants, v H. G. ANDERSON EQUIPMENT CORPORATION et al., Respondents.—Levine, J. Appeal from an order of the Supreme Court at Special Term (Dier, J.), entered October 2, 1985 in Schenectady County, which denied plaintiffs' motion for summary judgment and granted defendants' cross motion to compel plaintiffs' acceptance of a bill of particulars and response to a demand for discovery and inspection.

Plaintiffs commenced the instant action in 1982 and thereafter obtained a default judgment upon defendants' failure to interpose an answer. Defendants retained new counsel and the parties vacated the default by stipulation. On September 6, 1984, plaintiffs made a demand for a bill of particulars and for discovery and inspection. Defendants failed to respond and, in December 1984, plaintiffs brought on a motion for an order to compel compliance. On January 16, 1985, plaintiffs obtained a conditional order, purportedly consented to by defendants, precluding defendants from offering evidence at trial unless they complied with plaintiffs' demands within 30 days. At a pretrial conference on July 8, 1985, plaintiffs' counsel pointed out that the conditional order had not been complied with. Thereafter, on July 31, 1985, plaintiffs moved for summary judgment, contending that the conditional order had become final, and since defendants were therefore precluded from offering any evidence at trial, plaintiffs were entitled to judgment as a matter of law. Defendants opposed the motion on the grounds that they had not consented to the conditional order and had first been made aware of its existence at the July 8, 1985 pretrial conference. They cross-moved to compel plaintiffs to accept a bill of particulars and response to the demand for discovery and inspection which were served on August 8, 1985. Special Term denied plaintiffs' motion and

granted defendants' cross motion. This appeal by plaintiffs ensued. We now affirm.

Although summary judgment is an appropriate remedy where an order of preclusion prevents a party from defending a cause of action *(see, Gass v Gass,* 101 AD2d 849, 850), the failure to comply with such an order may be excused where the defaulting party proffers a reasonable excuse for its neglect, shows the existence of a meritorious defense and an intention to defend the action, and the opposing party fails to establish prejudice *(see, Epstein v Lenox Hill Hosp.,* 108 AD2d 616, 617-618; *Heffney v Brookdale Hosp. Center,* 102 AD2d 842, *appeal dismissed* 63 NY2d 770).

Defendant's attorney averred in his affidavit that defendants did not consent to the conditional order and were unaware of its existence. He stated that he knew that a motion had been made by plaintiffs to compel compliance with their demands, but claimed to be uninformed as to the outcome of the motion and maintained that he unsuccessfully attempted to contact plaintiffs' attorneys to determine its status. We reject plaintiffs' contention that defendants are precluded from making this defense because of the unrebutted affidavit of service by mail of a copy of the conditional order upon defendants, raising a presumption of delivery (citing *Engel v Lichterman,* 95 AD2d 536, *affd* 62 NY2d 943). The affidavit of service relied upon by plaintiffs was executed some six months subsequent to the alleged mailing. Plaintiffs have not made a showing therein or otherwise of their adherence to an office practice geared to ensure the likelihood of proper mailing. Thus, the presumption of delivery does not arise *(see, Nassau Ins. Co. v Murray,* 46 NY2d 828, 830; *Matter of Feinerman [Roberts],* 97 AD2d 920; *Engel v Lichterman, supra).*

Moreover, even were we to accept plaintiffs' position, the foregoing suggests that defendants' neglect was due to law office failure. Defendants have established, through their verified bill of particulars and other motion papers, the existence of a meritorious defense and that there was no intent to abandon the defense, as demonstrated by the continued pretrial activities participated in by both parties. The delay was not inordinate *(see, Heffney v Brookdale Hosp. Center, supra,* p 843) and plaintiffs have not established any prejudice. Under these circumstances, it was within Special Term's discretion to vacate the default *(see,* CPLR 2005; *Epstein v Lenox Hill Hosp., supra; Paoli v Sullcraft Mfg. Co.,* 104 AD2d 333, 334; *Heffney v Brookdale Hosp. Center, supra).*

Order affirmed, with costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.