■ In the Matter of T. J. GULF, INC., Petitioner, v NEW YORK STATE TAX COMMISSION, Respondent.—Main, J. P. ■

On February 9, 1981, petitioner sent to respondent a notice of its proposed purchase of a gasoline service station, pursuant to Tax Law § 1141 (c). According to the Audit Division of the Department of Taxation and Finance, on February 18, 1981, it sent to petitioner a notice that a possible claim for unpaid sales taxes existed *(see,* Tax law § 1141 [c]). Petitioner contends that it never received this notice. The closing of petitioner's purchase of the service station occurred on March 2, 1981; subsequently, petitioner received a demand for payment of sales taxes which had been unpaid by the seller. Following a hearing, respondent determined, *inter alia,* that the Audit Division had demonstrated that the notice of possible claim had been mailed to petitioner in a properly addressed and stamped envelope, giving rise to a presumption of its receipt by petitioner, and that petitioner's denial of receipt was insufficient to overcome this presumption. Respondent therefore sustained the determination and demand for payment. This CPLR article 78 proceeding ensued.

Tax Law § 1147 (a) (1) provides that the mailing of a notice, including the type of notice at issue here, is presumptive evidence of its receipt by the addressee, the taxpayer. The presumption of receipt arises upon the presentation of proof by the sender that it has a routine office practice and procedure for mailing the notices which demonstrates that the notices were in fact properly addressed and mailed *(Nassau Ins. Co. v Murray,* 46 NY2d 828; *cf. Matter of Feinerman [Board of Educ.—Roberts],* 97 AD2d 920). The taxpayer has the right to rebut the presumption; however, the rebuttal must consist of more than a mere denial of receipt *(see, Matter of Ruggerite, Inc. v State Tax Commn.,* 64 NY2d 688). Therefore, in order to rebut the presumption, the taxpayer must show that routine office practices were not followed or that those practices were performed so carelessly that it would be unreasonable to assume that the notice was mailed *(see, Nassau Ins. Co. v Murray, supra,* p 830; *cf. Matter of Ruggerite, Inc. v State Tax Commn., supra).*

The testimony presented at the hearing in this case clearly establishes that the Audit Division section responsible for mailing the notices of possible claim does have an office procedure designed to ensure the proper addressing and mailing of the notices. Furthermore, the testimony established that the employees responsible for the mailing substantially complied with the set procedure. While it appears that the employees may have deviated slightly from the set procedure, such deviation would not prevent the creation of the presump-

tion of receipt. The slight deviations appear to have been of little consequence, and the actual process to which the employees testified nevertheless evinces a method of ensuring that notices are properly addressed and mailed. Accordingly, we find that the presumption of petitioner's receipt of the notice did arise in this case.

We further find that petitioner has failed to rebut the presumption of receipt. While, as noted above, petitioner did demonstrate some deviation from set procedure, we cannot say that the responsible employees practiced the mailing procedure so carelessly that it would be unreasonable to assume that the notice was mailed (see, Nassau Ins. Co. v Murray, supra). Petitioner did present the testimony of its president, his wife and the designated escrow agent, who also was to have received a notice; all three witnesses stated that no notice was ever received. However, this testimony amounted to no more than mere denials of receipt, and as such was insufficient to rebut the presumption (see, Matter of Ruggerite, Inc. v State Tax Commn., supra). Finally, we note that petitioner did not present any evidence tending to show that the post office may have failed to deliver the notice (cf. supra [taxpayer showed that post office failed to follow its own regulations]). Therefore, the petition must be dismissed.

Determination confirmed, and petition dismissed, without costs. Main, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.