■ In the Matter of the Claim of GLENN A. COLYAR, Respondent. NEW YORK TELEPHONE COMPANY, Appellant; LILLIAN ROBERTS, as Commissioner of Labor, Respondent.—Per Curiam. Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 24, 1986, which granted claimant's request to file a late request for an appeal and ruled that claimant was entitled to receive benefits.

In November 1984, claimant was dismissed from his employment with New York Telephone Company, apparently for abusing break times. By decision filed February 19, 1985, the Administrative Law Judge (ALJ) found that claimant was disqualified from receiving unemployment benefits because he had been discharged due to misconduct. Claimant did not file his appeal of this decision with the Unemployment Insurance Appeal Board until March 19, 1985, after the expiration of the 20-day appeal period (see, Labor Law § 621 [1]). He contended that he never received the ALJ's decision in the mail. Following a hearing, the Board accepted claimant's explanation for his delay in appealing and considered the appeal on its merits. As a result, the board overruled the ALJ's determination and found that claimant had not been discharged due to misconduct, thus entitling him to benefits.

On this appeal, the employer challenges only that part of the Board's decision which found that claimant had established a sufficient excuse to merit consideration of his untimely appeal. It is the employer's contention that evidence presented to the Board demonstrated that the ALJ's determination had in fact been mailed to claimant, creating a presumption of receipt by claimant, and that claimant had failed to rebut the presumption. We disagree. In order for the presumption of receipt to arise, there must be evidence of an office practice geared to ensure the likelihood that the mailing is always properly addressed and mailed (Matter of Feinerman [Board of Educ.—Roberts], 97 AD2d 920; see, Nassau Ins. Co. v Murray, 46 NY2d 828; Matter of T.J. Gulf v New York State Tax Commn., 124 AD2d 314). Here, the only evidence presented concerning the mailing of the ALJ's determination was the testimony of a supervisor in the Administrative Law Judge section of the Department of Labor. She testified that the determinations are typed and addressed to the parties listed on the notice of hearing, stamped with the date, reproduced and mailed on the date stamped. This testimony certainly does not demonstrate the existence of an office practice geared to ensure the proper addressing and mailing of determinations. The supervisor did not testify as to what her duties were with regard to the mailing, whether she was working at the time the determination allegedly was mailed, what procedure was used to mail the determination or whether there was any check to ensure that the notice actually was mailed (cf., Matter of Feinerman [Board of Educ.—Roberts], supra). Since the testimony did not establish the existence of a sufficient routine office practice for the mailing of determina-

tions, the presumption of receipt never arose. Thus, while the employer correctly notes that a claimant's mere denial of receipt does not operate to overcome the presumption of receipt *(see, Nassau Ins. Co. v Murray, supra,* at 829-830; *Matter of T.J. Gulf v New York State Tax Commn., supra),* that principle is inapplicable here. Accordingly, we see no error in the Board's exercise of discretion to consider claimant's appeal on the merits *(cf., Matter of Lebron [Ross],* 72 AD2d 886).

Decision affirmed, without costs. Weiss, J. P., Mikoll, Yesawich, Jr., and Harvey, JJ., concur.