■ In the Matter of the Claim of ANTHONY MERENDINO, Respondent, v VILLAGE OF PAWLING et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Levine, J. Appeal from a decision of the Workers' Compensation Board, filed March 25, 1987.

Claimant was employed as a plumber and laborer by the Village of Pawling, Dutchess County, from September 1982 to May 1983. His work required him to spend time in water-filled trenches and, as a result, his lower extremities were often wet. At some point he developed sores on his left heel, which progressed to such an extent that amputation of his left foot was necessitated in June 1983.

Claimant filed a claim in April 1984 and Travelers Insurance Company, the village's insurer prior to self-insurance by Dutchess County, filed a notice of controversy which stated that it was not the insurance carrier. Travelers also raised issues challenging claimant's right to compensation. After initially misdirecting a notice of hearing dated July 6, 1984 to the wrong self-insurer, the correct self-insurer, Dutchess County (hereinafter the County), was identified in August 1984. The record contains a notice of hearing, dated December 29, 1984, addressed to the County. At a hearing held January 16, 1985, the County orally contested "accident, notice and causal relationship" and was directed to file a notice of controversy. Subsequently, a notice of hearing dated February 1, 1985 was sent to the County. At the hearing on February 20, 1985, the County filed its notice of controversy. The Workers' Compensation Law Judge, however, held that the County had failed to timely file a notice of controversy and, accordingly, the employer was precluded from contesting the issues of employee-employer relationship, accident, and accident arising out of and in the course of employment, pursuant to Workers' Compensation Law § 25 (2) (b). This decision was subsequently affirmed by the Workers' Compensation Board. This appeal by the employer and the County ensued.

In its decision, the Board found that the County "failed to timely file a [notice of controversy] within 25 days of the date of mailing", but does not specify which of the various notices it is relying upon. In our view, the Board's determination is ambiguous and precludes judicial review. One possible interpretation is that the Board was referring to an August 1984 notice of index against the County which is noted in the Board's review of the facts. The Board relied on the "examiner's worksheets" as the basis for its finding that claimant's

case was properly indexed against the County in August 1984. The record on appeal, however, does not contain the examiner's notes or the notice of index referred to by the Board; nor is there any evidence or testimony in the record to establish that a notice of index, if it actually existed, was ever mailed to the County. Administrative determinations cannot be sustained based on evidence dehors the record (cf., Matter of Kivo v Levitt, 67 AD2d 464, 467, affd 50 NY2d 1017). It is also possible that the Board was referring to the mailing of the December 1984 notice of hearing to the County as commencing the 25-day period in which to respond under Workers' Compensation Law § 25 (2) (b). In light of this ambiguity in the Board's decision, this matter must be remitted to the Board for clarification of the basis for its decision and further development of the record, if necessary.

Decision withheld, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this court's decision. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.