■ In the Matter of the Claim of EDWARD WATSON, Respondent, v EBASCO SERVICES et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. Casey, J.

The employer and its workers' compensation insurance carrier contend that substantial evidence is lacking to support the Workers' Compensation Board's findings that claimant sustained a work-related accident and that his disability is causally related to that accident. Claimant testified that he arrived at work at 8:20 A.M. on November 15, 1976, and that, as he entered his office, he tripped over a waste basket, struck his head on a desk or table and lost consciousness. Claimant has no memory of the rest of the day until 4:30 P.M., when he became aware of being fed oranges by a fellow employee, who knew that claimant was diabetic. Although claimant was seated at his desk, he could not recall how he got there. Claimant was taken to the hospital and he returned to work three or four days later. Shortly thereafter, his supervisor noticed a lump on claimant's head and when claimant explained what happened, the supervisor instructed claimant to get a doctor's certificate permitting him to return to work.

Based upon this evidence, the Board found that claimant had sustained an accident in the course of his employment, and since this finding rests largely upon the credibility of claimant's testimony and the inferences to be drawn therefrom, we see no basis for disturbing the Board's decision *(see, Matter of Di Maria v Ross,* 52 NY2d 771). The case upon which the employer relies *(Matter of Lewis v Cambridge Filter Corp.,* 132 AD2d 802) is distinguishable, for claimant's testimony herein is not "replete with inconsistencies in the face of the unimpeached testimony of a number of impartial witnesses" *(supra,* at 803). Claimant's lack of memory for the period following his fall is not an inconsistency, and the employer's proof suggests, at best, that it would have been unlikely for claimant to have remained unconscious for most of the working day without having been observed by other employees, but there was no testimony from any employee who recalled seeing claimant during the relevant time period.

On the issue of causation, claimant's expert testified that claimant sustained brain damage as the result of a hypoglycemic attack. The expert was of the opinion that claimant's head trauma produced a prolonged stuporous or comatose condition during which claimant, a diabetic, was unable to eat the food necessary to keep him out of hypoglycemia and, therefore, he lapsed into insulin-induced hypoglycemia. The employer argues that there is no direct proof that claimant was unconscious and unable to eat for a prolonged period of time. Thus, according to the employer, there is no basis in the record for the facts assumed by the expert in arriving at his conclusions. Viewing the record as a whole, however, we cannot say that it was irrational for the Board to find that claimant sustained a head injury when he fell on November 15, 1976 and that he was thereby rendered stuporous or comatose for a prolonged period of time. Accordingly, the Board could accept the opinion of claimant's expert, which provides the necessary support for the Board's finding of causal relationship.

Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Kane, Casey, Levine and Mercure, JJ., concur.