■ In the Matter of the Claim of ANTHONY MERENDINO, Respondent, v VILLAGE OF PAWLING et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Levine, J. Appeals from decisions of the Workers' Compensation Board, filed March 25, 1987 and January 25, 1989, as amended by decision filed March 10, 1989.

The facts of this case are set forth in an earlier decision of this court (137 AD2d 959). The central issue in this appeal is whether the Workers' Compensation Board properly ruled that the self-insured employer, Dutchess County, was barred from contesting issues of employer-employee relationship, accidental injury, and accident arising out of and in the course of employment due to the county's failure to file a timely notice of controversy pursuant to Workers' Compensation Law § 25 (2) (b).

When this appeal was originally before this court, we determined that it was not clear from the Board's decision whether it was relying on an August 1984 mailing of a notice of indexing or a December 1984 mailing of a notice of hearing as commencing the county's 25-day period in which to file its notice of controversy under Workers' Compensation Law § 25 (2) (b) (137 AD2d 959, 960, supra). Consequently, we withheld decision and remitted the matter to the Board for clarification and further development of the record, if necessary.

On remittal, another hearing was held in which Donald Jurusik, district claims manager at the Albany district office of the Workers' Compensation Board, testified as a person knowledgeable about indexing and claims examining proce-

dures at the Albany district office. Jurusik testified that, although he had no personal knowledge of the mailing of the notice of indexing to the county in this particular case, an unsigned notation appearing at the bottom of an examiner's worksheet (form EOC-660) represented the date that the notice was mailed to the county. The notation referred to by Jurusik reads as follows: "8/30/84 case corrected to read as above". According to Jurusik, this notation would have been made by an indexing clerk upon receiving the correct name and address of the carrier in this case. He further testified that, based upon a practice of over 30 years' duration, "this is the day of mailing when the clerk so enters the date on there [the examiner's worksheet], that is considered to be our date of mailing".

Based on Jurusik's testimony and the documents received at the supplemental hearing, the Board found that a corrected notice of indexing was mailed to the county on August 30, 1984 and that the county was properly subject to the statutory bar due to its failure to respond within 25 days of the date of mailing *(see,* Workers' Compensation Law § 25 [2] [b]). The county appeals from the Board's supplemental decision and renews the objections raised in its original appeal.

The county contends that the Board's determination is erroneous because there is insufficient proof in the record to support the finding that the notice of indexing was actually mailed. We agree. In order to create a rebuttable presumption that the notice was mailed, the Board was required to adduce evidence of "an established and regularly followed office procedure designed to insure that notices * * * *are properly addressed and mailed" (Matter of Gonzalez [Ross],* 47 NY2d 922, 923 [emphasis supplied]; *see, Nassau Ins. Co. v Murray,* 46 NY2d 828, 829-830). In the instant case, the testimony of Jurusik was simply that the mailing "is considered to" occur on the date of the initial worksheet entry by an indexing clerk. Not only is the relevant notation unsigned, but it gives no indication whatsoever that anything was mailed on that date. In addition, we observe that the record does not contain a copy of the notice of indexing allegedly sent to the county. Most significant, however, is the absence of *any* testimony describing the procedure followed in the actual addressing and mailing of the notices *(see, Matter of Lumbermens Mut. Cas. Co. [Collins],* 135 AD2d 373, 375; *Matter of Colyar [New York Tel. Co.—Roberts],* 129 AD2d 946, 947; *Matter of Feinerman [Board of Educ.—Roberts],* 97 AD2d 920; *cf., Ramos v DeMond,* 127 AD2d 751, 752-753; *Matter of Lumbermens Mut. Cas. Co. v*

*Medina,* 114 AD2d 959, 960-961). In the absence of such evidence, the determination cannot be sustained *(see, Matter of Gonzalez [Ross], supra; Matter of Friedman [Roberts],* 121 AD2d 771; *Matter of Lebron [Ross],* 72 AD2d 886) and the matter must be remitted for further proceedings to consider the merits of the county's objections to the claim.

Decisions reversed, with costs against the Workers' Compensation Board, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this court's decision. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.