■ In the Matter of the Claim of MARTHA BENITEZ, Appellant. THOMAS F. HARTNETT, as Commissioner of Labor, Re-

spondent.—Levine, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 12, 1988, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant was employed as a cleaner/janitor by A to Z Maintenance Corporation (hereinafter A to Z) from January 9, 1987 until February 11, 1988, when she was discharged for failing to report to work or to notify A to Z that she would be absent on several occasions during January and February 1988. Claimant's application for unemployment insurance benefits was denied by the local unemployment office, which ruled that claimant was disqualified from receiving benefits because she lost her employment through misconduct.

At the hearing, supervisory employees from A to Z testified that claimant did not report to work or call in to explain that she would be absent from January 29, 1988 until February 11, 1988. Claimant testified that she was absent during a two-week period in January 1988 and a one-week period in February 1988 because of a back condition for which she was under a physician's care. Claimant further testified that she knew that she was supposed to call in when she was unable to report to work and that her husband or children attempted to call on her behalf, but that they received no answer at A to Z. Finally, claimant admitted that she had previously been warned regarding her tardiness and absenteeism.

At the conclusion of the hearing, the Administrative Law Judge (hereinafter ALJ) sustained the initial determination, concluding that claimant's failure on several occasions to report to work or to call in to explain her absence constituted misconduct. Claimant appealed and the Unemployment Insurance Appeal Board adopted the findings of fact and the determination of the ALJ. This appeal by claimant ensued.

There should be an affirmance. As a basis for reversal, claimant raises various issues of fact and credibility which were resolved against her by the Board, whose determination is conclusive if supported by substantial evidence (see, Matter of Di Maria v Ross, 52 NY2d 771, 772-773; Matter of Cabreja [Mount Sinai Med. Center—Hartnett], 144 AD2d 735, 736, lv denied 74 NY2d 604; Matter of Watson v Ebasco Servs., 140 AD2d 747). In our view, there is sufficient credible evidence in the record to support the Board's determination that claimant was guilty of misconduct, thus warranting the denial of unemployment insurance benefits.

As a final matter, we note that annexed to claimant's brief is a copy of a company/union grievance arbitration opinion and award, dated March 9, 1987, which contains a consent award reflecting a settlement between claimant, through her union, and A to Z. Although the consent award stipulates, *inter alia,* that A to Z agrees to reinstate claimant and to pay her accrued vacation and sick pay for 1988, the settlement was entered into subsequent to the Board's determination and claimant made no application to the Board to reopen its decision. Accordingly, the consent award was never included in the record before the Board and, therefore, cannot be considered by this court *(see, Matter of Merendino v Village of Pawling,* 137 AD2d 959, 960; *Matter of 230 E. 52nd St. Assocs. v State Div. of Hous. & Community Renewal,* 131 AD2d 349, 351).

Decision affirmed, without costs. Kane, J. P., Weiss, Mikoll, Levine and Mercure, JJ., concur.