■ Carole Clark, Appellant, v Columbian Mutual Life Insurance Company, Respondent. [633 NYS2d 311] —Judgment of the Supreme Court, New York County (Leland G. DeGrasse,

J.), entered October 20, 1994, which granted defendant's motion for summary judgment, is unanimously reversed, on the law, and the motion denied, with costs and disbursements payable to plaintiff. Appeal from the order of the same court and Justice, entered October 11, 1994, is unanimously dismissed as academic, without costs and disbursements payable to plaintiff.

Plaintiff's decedent, Paul Clark died on May 30, 1991. The defendant insurer refused to pay plaintiff beneficiary the proceeds of his life insurance policy, claiming the policy had lapsed due to Mr. Clark's failure to pay the quarterly premium which was due on March 21, 1991. Defendant claimed it mailed Mr. Clark a Notice of Premium Due on February 20, 1991, and a Late Payment Notice on April 23, 1991. While the plaintiff denied that the decedent had received any notices as mandated by New York Insurance Law § 3211, the IAS Court granted defendant's motion for summary judgment.

The IAS Court based its decision on the deposition testimony of Mr. David Smith of defendant insurer who testified as to defendant's regular office practices and procedures for mailing notices. However, we find that these practices did not meet the standards required, i.e., "in order for the presumption to arise, office practice must be geared so as to ensure the likelihood that a notice of cancellation is always properly addressed and mailed" (*Nassau Ins. Co. v Murray*, 46 NY2d 828, 830).

Mr. Smith testified he had no contact with the Data Processing Department of defendant which generated the notices and had little knowledge as to how this was done. Further, prior to his preparation in the present law suit, he had never seen the computer print-out which listed the insureds who were supposed to be sent notices. He also testified that he did not know whether anyone checked the printed notices to ensure that they corresponded to the computer print-out. Further, he said that he did not know whether the envelopes he took to the post office were correctly addressed or if they contained all of the notices that were supposed to be sent that day, and he never counted the number of envelopes to ensure that they corresponded to the number of envelopes indicated on the affidavit he signed.

Although, therefore, defendant submitted testimony on the preparation and mailing of the notices, it did not include sufficient evidence to ensure that the notices mailed corresponded to and included all of the names on the computer print-out or the correct addresses of those individuals. Thus, there was no showing that anyone compared "the names on the mailing list with the names and addresses on the envelopes for accuracy,

or whether anyone routinely checked that the total number of envelopes matched the number of names on the mailing list" (*Matter of Lumbermens Mut. Cas. Co. [Collins]*, 135 AD2d 373, 375).

Accordingly, since issues of fact remain as to whether the notices were mailed, there can be no presumption of receipt by the insured, and summary judgment was improvidently granted. Concur—Ellerin, J. P., Wallach, Ross, Nardelli and Tom, JJ.