HOSPITAL FOR JOINT DISEASES et al., Appellants, v NATIONWIDE MUTUAL INSURANCE COMPANY, Respondent. [726 NYS2d 443] —In an action to recover no-fault medical payments, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Warshawsky, J.), dated November 1, 2000, as denied their motion for summary judgment on their first cause of action to recover payments for medical services rendered by the plaintiff Hospital for Joint Diseases, and granted that branch of the defendant's cross motion which was for summary judgment dismissing the first cause of action.

Ordered that the appeals by the plaintiffs Westchester County Medical Center, New York University Hospital-Tisch Institute, and New York Presbyterian Hospital are dismissed, as those plaintiffs are not aggrieved by the portion of the order appealed from (*see,* CPLR 5511); and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the cross motion which was for summary judgment dismissing the first cause of

action and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs payable to the plaintiff Hospital for Joint Diseases.

In support of its motion for summary judgment on the first cause of action asserted in the complaint, the plaintiff Hospital for Joint Diseases (hereinafter HJD) submitted evidentiary proof that the defendant insurance company did not respond to its September 1, 1999, claim for no-fault medical benefits within 30 days as required by Insurance Law § 5106 (a) and 11 NYCRR 65.15 (g) (3). In opposition to the motion, and in support of its cross motion for summary judgment dismissing the first cause of action, the defendant failed to make a prima facie showing of its entitlement to judgment as a matter of law. It submitted the affidavit of an employee who asserted that a timely denial of claim form was mailed to HJD on September 10, 1999. However, the employee had no personal knowledge that the claim form had been mailed to HJD on the date it was issued, and his conclusory allegations regarding the defendant's office practices did not establish, as a matter of law, that the defendant followed office practices "geared so as to ensure the likelihood" that denial of claim forms were always properly addressed and mailed on the date issued (*see, Clark v Columbian Mut. Life Ins. Co.,* 221 AD2d 227; *Ford Motor Credit Co. v Robco Distribs.,* 205 AD2d 662; *Matter of Merendino v Village of Pawling,* 152 AD2d 762). Since the defendant's submissions were insufficient to raise a presumption that HJD received the denial of claim (*see, Nassau Ins. Co. v Murray,* 46 NY2d 828), HJD's sworn allegations that it never received a response to its September 1, 1999, no-fault billing is sufficient to raise an issue of fact as to whether the defendant timely denied its claim. Accordingly, the defendant's cross motion for summary judgment dismissing the first cause of action should have been denied.

HJD's remaining contentions are without merit. Altman, J. P., Krausman, McGinity and Cozier, JJ., concur.