## State Farm Mut. Auto. Ins. Co. v All City Family Healthcare Ctr., Inc.

2024 NY Slip Op 31113(U)

April 1, 2024

Supreme Court, New York County

Docket Number: Index No. 154735/2020

Judge: Leslie A. Stroth

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. LESLIE A. STROTH**                    PART          **12M**

                                                *Justice*

-------------------------------------------------------------------X

STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY,

                             Plaintiff,

                - v -

ALL CITY FAMILY HEALTHCARE CENTER, INC.,ATALS
PHYSICAL THERAPY, INC.,BACK TO BALANCE
ACUPNCTURE, P.C.,CENTER FOR
NEURORESTORATIVE MEDICINE, PA, CLASSIC
MEDICAL DIAGNOSTIC REHAB, P.C.,EXCELL CLINICAL
LAB, INC.,MICHELE B. GLISPY, L.A.C., GORDON C.
DAVIS, MEDICAL, P.C.,HEAL-RITE P.T., P.C.,HMP
ORTHOPAEDICS, P.C.,MAX JEAN-GILLES, PHYSICIAN,
P.C.,JOSEPH A. RAIA, M.D., P.C.,LONGEVITY MEDICAL
SUPPLY, INC.,MYOCARE P.T., P.C.,NEW MILLENNIUM
MEDICAL IMAGING, P.C.,NEW YORK PHYSICAL
THERAPY CARE, P.C.,PDA NY CHIROPRACTIC, P.C.,ST.
MARY FAMILY PHYSICAL THERAPY, P.C.,PRC
SUPPLIES, INC.,NEXTSTEP HEALING, INC.,JOHN
FRANCOIS, JEFF LOUIS, JOSUE MARCEUS, MARIE
SYLVERT

                     Defendant.

-------------------------------------------------------------------X

|   |   |
|---|---|
| INDEX NO. | 154735/2020 |
| MOTION DATE | 11/21/2023 |
| MOTION SEQ. NO. | 003 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119

were read on this motion to/for                    JUDGMENT - SUMMARY        .

       Plaintiff State Farm Automobile Insurance Company commenced this action seeking a declaratory judgment that it owes no duty to pay the claims of the defendant medical providers. Claimants/Defendants John Francois, Jeff Louis, and Josue Marceus ("Claimants") sought to collect no fault benefits for alleged serious bodily injuries sustained in a collision that occurred on February 5, 2019. Claimants were occupants of a 2002 Nissan Sentra, the insured vehicle, which was driven by Mr. Francois and insured by plaintiff State Farm in the name of Marie Sylvert.

**154735/2020   STATE FARM MUTUAL AUTOMOBILE vs. ALL CITY FAMILY HEALTHCARE**      **Page 1 of 6**
**Motion No.  003**

Plaintiff moves here for summary judgment against defendants All City Family Healthcare Center, Inc., Back to Balance Acupuncture, P.C., Excell Clinical Lab, Inc., Michele B. Glispy, L.A.C., Longevity Medical Supply, Inc., Myocare P.T., P.C., PDA NY Chiropractic, P.C., and Nextstep Healing, Inc., arguing that no-fault regulations have been violated due to the failure of John Francois, Jeff Louis, and Josue Marceus to appear for scheduled examinations under oath (EUO) and that claimants injuries did not rise from an insured incident.[1]

Opposition was provided by defendants All City Family Healthcare Center, Inc., Back to Balance Acupuncture, P.C., Michele B. Glispy, L.A.C., Longevity Medical Supply, Inc., Myocare P.T., P.C., and PDA NY Chiropractic, P.C., contending that plaintiff failed to establish that its EUO requests were timely made or that it timely denied claimant's claims. Opposing defendants also argue that plaintiff offered speculation in support of its allegations and that the instant motion is premature as discovery is incomplete.

It is a well-established principle that the "function of summary judgment is issue finding, not issue determination" (*Assaf v Ropog Cab Corp.*, 153 AD2d 520 (1st Dept 1989), quoting *Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395 (1957)). As such, the proponent of a motion for summary judgment must tender sufficient evidence to show the absence of any material issue of fact and the right to entitlement to judgment as a matter of law (*See Alvarez v Prospect Hospital*, 68 NY2d 320 (1986); *see also Winegrad v New York University Medical Center*, 64 NY2d 851 (1985)). "Once this showing has been made, however, the burden shifts to the party opposing the motion for summary judgment to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the

---

[1] Oral argument was held for this application on November 21, 2023.

**154735/2020   STATE FARM MUTUAL AUTOMOBILE vs. ALL CITY FAMILY HEALTHCARE**          **Page 2 of 6**
**Motion No.  003**

action" (*Alvarez v Prospect Hosp.*, 68 NY2d 320 (1986); citing *Zuckerman v City of New York*, 49 NY2d 557 (1980)).

New York No-Fault Regulation, 11 NYCRR 65-1.1 states, in pertinent part, "[n]o action shall lie against [a No-Fault insurer] unless, as a condition precedent thereto, there shall have been compliance with the terms of [the] coverage" and that "[u]pon request by the Company, the eligible injured person or that person's assignee or representative shall ... (b) as may reasonably be required submit to examinations under oath by any person named by the Company and subscribe the same." The failure to appear for a scheduled EUO is a breach of a condition precedent under a no-fault policy, and a denial of coverage premised on such a breach voids the policy *ab initio* (*See Unitrin Advantage Ins. Co. v Bayshore Physical Therapy, PLLC*, 82 AD3d 559 (1st Dept 2011)).

A no-fault insurer seeking a declaration of no coverage due to claimants' failures to appear for EUO requested under the no-fault policy must demonstrate that the insurer complied with the procedural and timeliness requirements of 11 NYCRR 65-3.5, governing the handling of no-fault claims (*See American Transit Ins. Co. v. Longevity Med. Supply, Inc.*, 131 AD3d 841 (1st Dept 2015)). To do so, the no-fault insurer must submit an affidavit of a person with personal knowledge that the mailing of the EUO letters occurred and describe the standard office practice or procedure used to ensure that items were properly addressed and mailed (*See New York & Presbyt. Hosp. v Allstate Ins. Co.*, 29 AD3d 547 (2nd Dept 2006); *Residential Holding Corp. v Scottsdale Ins. Co.*, 286 AD2d 679 (2nd Dept 2001); *Hospital for Joint Diseases v Nationwide Mut. Ins. Co.*, 284 AD2d 374 (2nd Dept. 2001)).

Opposing defendants contend that, pursuant to 11 NYCRR 65-3.5 and 11 NYCRR 65-3.6, plaintiff failed to request an EUO within 15-days of receipt of the claim forms or the NF-2,

**154735/2020  STATE FARM MUTUAL AUTOMOBILE vs. ALL CITY FAMILY HEALTHCARE**  **Page 3 of 6**
**Motion No.  003**

3 of 6

follow-up within 10-days, and issue a proper denial under 11 NYCRR 65-3.8. "An insurer must request any additional verification . . . to establish proof of claim within 15 business days after receiving the prescribed verification forms it forwarded to the parties required to complete them" (*Hertz Vehicles, LLC v. Best Touch PT, P.C.*, 162 A.D.3d 617 (1st Dept 2018)).

In support of its application, State Farm provided an Affidavit by Andrea Hutchinson, a Claim Specialist affirming that plaintiff conducted an investigation, noting the following discrepancies:

> The insured's policy had an address of 133 Jay Street, Albany, New York 12210, while State Farm suspects Ms. Sylvert resides at 2416 New Kirk Avenue, Apt. 1F, Brooklyn, New York; the insured was not an occupant of the insured vehicle during the time of the loss; a person named Ron Castorina resides at the policy address and informed plaintiff that the insured does not reside there and that his address was previously used by her without his permission; according to the police report, the insured vehicle is still registered with the prior owner Berny Cean; Ms. Sylvert initially told State Farm that she did not know of the February 5th collision and that it was a fraudulent claim; and the 2002 Nissan was deemed junked, without knowledge of State Farm.

As a result, plaintiff argues that the insured made a material misrepresentation in procuring her policy. State Farm also claims that the subject collision was intentional, the injuries did not arise from the collision, and that treatment by defendant medical providers are not causally related to the collision, which are all non-coverable events under no-fault regulations.

Plaintiff proved that it timely and properly sent the EUO letters to claimants, through the affidavit of Ms. Hutchinson after State Farm received claims on April 15, 2019. Plaintiff also submitted an affirmation by Michael E. Tomsky, Esq. in support of this motion. In addition, State Farm demonstrated that John Francois, Jeff Louis, and Josue Marceus failed to appear for any of the scheduled Examinations Under Oath. Plaintiff mailed letters dated April 16, 2019, May 8, 2019, and May 28, 2019 to Mr. Francois requesting that he appear for an EUO (Exhs E & F). Mr. Louis was mailed letters on April 16, 2019, April 18, 2019, and May 8, 2019, requesting

**154735/2020   STATE FARM MUTUAL AUTOMOBILE vs. ALL CITY FAMILY HEALTHCARE**          **Page 4 of 6**
**Motion No.  003**

[* 4]

4 of 6

that he appear for an EUO (Exhs E & G). Finally, plaintiff mailed letters dated April 16, 2019, May 8, 2019, and May 30, 2019 to Mr. Marceus requesting that he appear for an EUO (Exhs E & H).

Opposing defendants failed to provide any affidavit to create a material issue of fact (*See GTF Marketing Inc. v Colonial Aluminum Sales. Inc.*, 66 NY2d 965 (1985) ("As we have previously noted, an affidavit or affirmation of an attorney without personal knowledge of the facts cannot 'supply the evidentiary showing necessary to successfully resist the motion."). As plaintiff provided an affidavit and affirmation from individuals with personal knowledge of the mailing of the EUO letters and of claimants' non-appearance, it satisfies its burden of proving that the letters were mailed and that the claimants failed to appear (*See Hertz Corp v Active Care Med. Supply Corp.*, 124 AD3d 411 (1st Dept 2015)). Plaintiff also provided proof of denial (Exh J).

Furthermore, since claimants did not appear at their timely-scheduled Examinations Under Oath, violating a condition precedent to coverage, the policy is vitiated (*See PV Holding Corp. v Hank Ross Med., P.C.*, 188 AD3d 429 (1st Dept 2020)). Therefore, plaintiff is entitled to summary judgment on its declaratory judgment claims against defendants All City Family Healthcare Center, Inc., Back to Balance Acupuncture, P.C., Excell Clinical Lab, Inc., Michele B. Glispy, L.A.C., Longevity Medical Supply, Inc., Myocare P.T., P.C., PDA NY Chiropractic, P.C., and Nextstep Healing, Inc.

*       *       *

Accordingly, it is hereby

ORDERED, that plaintiff's motion for summary judgment against defendants All City Family Healthcare Center, Inc., Back to Balance Acupuncture, P.C., Excell Clinical Lab, Inc.,

**154735/2020   STATE FARM MUTUAL AUTOMOBILE vs. ALL CITY FAMILY HEALTHCARE**
**Motion No.  003**

**Page 5 of 6**

5 of 6

[* 5]

Michele B. Glispy, L.A.C., Longevity Medical Supply, Inc., Myocare P.T., P.C., PDA NY Chiropractic, P.C., and Nextstep Healing, Inc. is granted in its entirety; and it is further

ORDERED, that plaintiff shall be entitled to a judgment declaring that it owes no duty to pay the no-fault claims of defendants All City Family Healthcare Center, Inc., Back to Balance Acupuncture, P.C., Excell Clinical Lab, Inc., Michele B. Glispy, L.A.C., Longevity Medical Supply, Inc., Myocare P.T., P.C., PDA NY Chiropractic, P.C., and Nextstep Healing, Inc. with respect to the February 5, 2019 collision; and it is further

ORDERED that, within 30 days of the date of this order, plaintiff is directed to submit a proposed order and judgment in accordance with this decision via NYSCEF.

The foregoing constitutes the decision and order of the Court.

Dated: April 1, 2024

ENTER:

HON. LESLIE A. STROTH
J.S.C.

**Check One:** [ ] Case Disposed [X] Non-Final Disposition

**Check if Appropriate:** [ ] Other (Specify _____ )

**154735/2020  STATE FARM MUTUAL AUTOMOBILE vs. ALL CITY FAMILY HEALTHCARE**  **Page 6 of 6**
Motion No.  003

6 of 6