■ HERTZ CORPORATION, Respondent, v ACTIVE CARE MEDICAL SUPPLY CORPORATION et al., Appellants, et al., Defendants. [1 NYS3d 43]—

Order, Supreme Court, New York County (Debra A. James, J.), entered May 20, 2013, which granted plaintiff's motion for summary judgment and declared that it is not obligated to reimburse defendants Active Care Medical Supply Corporation and Alleviation Medical Services, P.C. (defendants) for any claims relating to the alleged underlying motor vehicle accident, unanimously affirmed, without costs.

In this action seeking a declaration that Hertz is not required to reimburse defendants for treatment they allegedly provided in connection with an automobile accident, plaintiff submitted sufficient proof of mailing correspondence to defendants regarding the scheduling of examinations under oath (EUO) on two separate occasions (*Nassau Ins. Co. v Murray*, 46 NY2d 828 [1978]) and defendants' failure to appear. Although plaintiff's counsel's affidavit did not state that he personally mailed the particular notices of the EUOs, or describe his office's practice and procedure for mailing such notices (*see Hospital for Joint Diseases v Nationwide Mut. Ins. Co.*, 284 AD2d 374, 375 [2d Dept 2001]), objective proof of mailing (*see Matter of Szaro v New York State Div. of Hous. & Community Renewal*, 13 AD3d 93, 94 [1st Dept 2004]) was provided by the EUO notices, which contained the same certified mail number in their captions that was reflected on the certified mail return receipts and the United States Postal Service "Track and Confirm" report (*cf. New York & Presbyt. Hosp. v Allstate Ins. Co.*, 29 AD3d 547, 548 [2d Dept 2006]).

The attorney who was assigned to the file and who would have conducted the EUO if the defendants had appeared certainly was in a position to state that the defendants did not confirm their appearances as directed in the notice and did not otherwise appear in his office on the date indicated.

The No-Fault Regulation contains explicit language in 11 NYCRR 65-1.1 that there shall be no liability on the part of the no-fault insurer if there has not been full compliance with the conditions precedent to coverage. Thus, defendants' failure to attend the EUOs is a violation of a condition precedent to coverage that vitiates the policy (*see American Tr. Ins. Co. v Marte-Rosario*, 111 AD3d 442, 442 [1st Dept 2013]; *Unitrin Advantage Ins. Co. v Bayshore Physical Therapy, PLLC*, 82 AD3d 559, 560 [1st Dept 2011], *lv denied* 17 NY3d 705 [2011]).

There is no basis upon which to grant additional discovery. Concur—Mazzarelli, J.P., DeGrasse, Manzanet-Daniels, Feinman and Gische, JJ.