■ NATIONAL LIABILITY & FIRE INSURANCE COMPANY, Appellant, v TAM MEDICAL SUPPLY CORP. et al., Respondents, et al., Defendants. [16 NYS3d 457]—

Order, Supreme Court, New York County (Manuel J. Mendez, J.), entered October 20, 2014, which, to the extent appealed from, denied plaintiff's motion for summary judgment against Tam Medical Supply Corp., Charles Deng Acupuncture, P.C., Action Potential Chiropractic, PLLC, Maiga Products Corporation, Pierre J. Renelique, MD, Maria Masiglia PT, and Gentlecare Ambulatory Anesthesia Services (the answering defendants), unanimously affirmed, with costs.

Plaintiff no-fault insurer moved for summary judgment declaring that its policy does not provide coverage to the individual defendant for the subject accident based on her failure to appear for scheduled examinations under oath (EUO). Although the failure of a person eligible for no-fault benefits to appear for a properly noticed EUO constitutes a breach of a condition precedent vitiating coverage (*see Hertz Corp. v Active Care Med. Supply Corp.*, 124 AD3d 411 [1st Dept 2015]; *Allstate Ins. Co. v Pierre*, 123 AD3d 618 [1st Dept 2014]), here defendants-respondents, assignees of the defaulting individual defendant, opposed plaintiff's summary judgment motion on the ground that plaintiff had not established that it had requested the EUO within the time frame set by the no-fault regulations (*see* 11 NYCRR 65-3.5 [b]). In its reply, plaintiff failed to supply evidence bearing on whether the EUO had been requested within the appropriate time frame. Accordingly, plaintiff's motion for summary judgment was properly denied. Concur—Tom, J.P., Friedman, Sweeny, Saxe and Clark, JJ.