◼ HIGH DEFINITION MRI, P.C., Appellant, v TRAVELERS COMPANIES, INC., et al., Respondents, et al., Defendants. [29 NYS3d 23]—

Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered July 14, 2014, which granted defendant insurance companies' motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action, unanimously reversed, on the law, with costs, and the motion denied.

A complaint must "be sufficiently particular to give the court and parties notice of the transactions, occurrences, or series of transactions" that form the basis of the complaint and "the material elements of each cause of action" (CPLR 3013). The factual allegations of the complaint are accepted as true, and afforded "every possible favorable inference" (*Leon v Martinez*, 84 NY2d 83, 87 [1994]). "[A] court may freely consider affidavits submitted by the plaintiff to remedy any defects in the complaint and the criterion is whether the proponent of the pleading has a cause of action, not whether he has stated one" (*id.* at 88 [internal citation and quotation marks omitted]). When such affidavits are considered, dismissal should not

result unless "a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it" (*Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]).

Here, the complaint standing alone failed to apprise defendant insurance companies of basic pertinent information to put them on notice of the claims against them, such as the patients treated and the insurance policies issued by defendant, under which plaintiff submitted claims for treatment rendered. However, in opposition to defendant insurance companies' motion to dismiss, plaintiff submitted an affidavit from its principal with an exhibit attached providing such information. Thus, the complaint and affidavit submitted in opposition sufficiently apprise defendant insurance companies of the "transactions, occurrences, or series of transactions" that form the basis of the complaint (CPLR 3013).

Contrary to defendant insurance companies' further contention, the complaint sufficiently alleges that plaintiff is the assignee of claims under the policies issued by defendant insurance companies. Defendant insurance companies' further contention that plaintiff failed to appear for examinations under oath, which is a condition precedent to coverage (*Hertz Corp. v Active Care Med. Supply Corp.*, 124 AD3d 411 [1st Dept 2015]), presents a factual issue not amenable to resolution on a motion to dismiss pursuant to CPLR 3211 (a) (7). Concur—Sweeny, J.P., Renwick, Moskowitz and Gische, JJ.