MDJ Medical PC a/a/o Leon May, Plaintiff-Respondent,
against
Delos Insurance Company and North American Risk Services as Third Party Administrator, Defendants-Appellants.



Defendants appeal from an order of the Civil Court of the City of New York, Bronx County (Elizabeth A. Taylor, J.), entered July 8, 2014, which denied their motion for summary judgment dismissing the complaint.




Per Curiam.
Order (Elizabeth A. Taylor, J.), entered July 8, 2014, reversed, with $10 costs, and defendants' motion for summary judgment dismissing the complaint is granted. The Clerk is directed to enter judgment accordingly.
The defendant-insurer made a prima facie showing of entitlement to summary judgment dismissing the action for first-party no-fault benefits by establishing that it timely and properly mailed the notices for examinations under oath (EUOs) to plaintiff's assignor (see American Tr. Ins. Co. v Marte-Rosario, 111 AD3d 442 [2013]), and that the assignor failed to appear at two scheduled EUOs (see Allstate Ins. Co. v Pierre, 123 AD3d 618 [2014]; Hertz Corp. v Active Care Med. Supply Corp., 124 AD3d 411 [2015]). Contrary to plaintiff's specific contention, defendant established that it requested the EUOs within the applicable time frames set forth in the no-fault regulations, by submitting its EUO letters dated February 4, 2011 and March 1, 2011 (see 11 NYCRR 65-3.5[b], 65-3.6[b]; cf. National Liab. & Fire Ins. Co. v Tam Med. Supply Corp., 131 AD3d 851 [2015]). Moreover, the attorney who was assigned by defendant to take an EUO of plaintiff's assignor with respect to the subject claim, and "who would have conducted the EUO if the [assignor] had appeared certainly was in a position to state that the [assignor] . . . did not . . . appear in his office on the date[s] indicated" (Hertz Corp., 124 AD3d at 411).
In opposition to defendant's prima facie showing, plaintiff did not specifically deny the [*2]assignor's nonappearance at the scheduled EUOs, or otherwise raise a triable issue with respect thereto, or as to the mailing or reasonableness of the underlying notices (see Unitrin Advantage Ins. Co. v Bayshore Physical Therapy, PLLC, 82 AD3d 559, 560 [2011], lv denied 17 NY3d 705 [2011]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: April 18, 2016