Metro 8 Medical Equipment, Inc. a/a/o Nardine Luc, Plaintiff-Appellant, 
against
Esurance Ins. Co., Defendant-Respondent.



Plaintiff appeals from an order the Civil Court of the City of New York, New York County (James E. d'Auguste, J.), entered April 23, 2014, which granted defendant's motion for summary judgment dismissing the complaint.




Per Curiam.
Order (James E. d'Auguste, J.), entered April 23, 2014, affirmed, with $10 costs.
The defendant-insurer made a prima facie showing of entitlement to summary judgment dismissing the action for first-party no-fault benefits by establishing that it timely and properly mailed the notices for examinations under oath [EUOs] to plaintiff's assignor and his attorney, and that the assignor failed to appear at the initial EUO and the June 20, 2011 rescheduled follow-up EUO (see Allstate Ins. Co. v Pierre, 123 AD3d 618 [2014]; see also Hertz Corp. v Active Care Med. Supply Corp., 124 AD3d 411 [2015]). Contrary to plaintiff's contention, defendant submitted competent evidence of the assignor's nonappearance in the form of the affirmation of defendant's attorney who was assigned to the file and the affidavit of defendant's employee who was responsible for the scheduling of the EUOs, setting forth sufficient facts to demonstrate the affiants' personal knowledge of the assignor's repeated failures to appear for the EUOs and the office practices and policies when an assignor fails to appear for a scheduled IME (see Hertz Corp. v Active Care Med. Supply Corp., 124 AD3d at 411; American Tr. Ins. Co. v Lucas, 111 AD3d 423 [2013]).
In opposition to defendant's prima facie showing, plaintiff did not specifically deny the assignor's nonappearance at the scheduled EUOs, or otherwise raise a triable issue with respect thereto, or as to the mailing or reasonableness of the underlying notices (see Unitrin Advantage Ins. Co. v Bayshore Physical Therapy, PLLC, 82 AD3d 559, 560 [2011], lv denied 17 NY3d 705[2011]).
Plaintiff's remaining contentions are either without merit or, where plaintiff failed to articulate any specific arguments in its appellate brief, abandoned on appeal (see Mendoza v Akerman Senterfitt LLP, 128 AD3d 480, 483 [2015]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: June 15, 2016