■ KEMPER INDEPENDENCE INSURANCE COMPANY, Respondent, v ADELAIDA PHYSICAL THERAPY, P.C., et al., Appellants, et al., Defendants. [46 NYS3d 579]—

Order and judgment (one paper), Supreme Court, New York County (Anil C. Singh, J.), entered February 19, 2015, to the extent appealed from, granting plaintiff's motion for summary judgment and declaring that plaintiff is not obligated to provide no-fault benefits to defendants Adelaida Physical Therapy, P.C., Charles Deng Acupuncture, P.C., Delta Diagnostic Radiology, P.C., Island Life Chiropractic Pain Care, PLLC, Maiga Products Corp., and TAM Medical Supply Corp. as a result of a motor vehicle accident, due to claimants' failure to appear for their scheduled examinations under oath (EUO), unanimously reversed, on the law, without costs, the judgment vacated and the motion denied.

Although the failure of a person eligible for no-fault benefits to appear for a properly noticed EUO constitutes a breach of a condition precedent, vitiating coverage (*see* 11 NYCRR 65-1.1; *see also Hertz Corp. v Active Care Med. Supply Corp.*, 124 AD3d 411 [1st Dept 2015]; *Allstate Ins. Co. v Pierre*, 123 AD3d 618 [1st Dept 2014]), plaintiff failed to supply sufficient evidence to enable the court to determine whether the notices it had served on the injury claimants for EUOs were subject to the timeliness requirements of 11 NYCRR 65-3.5 (b) and 11 NYCRR 65-3.6 (b) (*see Mapfre Ins. Co. of N.Y. v Manoo*, 140 AD3d 468, 470 [1st Dept 2016]) and, if so, whether the notices had been served in conformity with those requirements (*see National Liab. & Fire Ins. Co. v Tam Med. Supply Corp.*, 131 AD3d 851 [1st Dept 2015]). Specifically, plaintiff failed to provide copies of any completed verification forms it may have received from any of the health service provider defendants or any other evidence reflective of the dates on which plaintiff had received any such verification forms, or otherwise assert that it never received such forms. Thus, plaintiff failed to meet its burden of establishing either that the EUOs were not subject to the procedures and time frames set forth in the no-fault implementing regulations or that it properly noticed the EUOs in conformity with their terms (*see Unitrin Advantage Ins. Co. v Bayshore Physical Therapy, PLLC*, 82 AD3d 559 [1st Dept 2011], *lv denied* 17 NY3d 705 [2011]; *Allstate Ins. Co. v Pierre*, 123 AD3d at 618).

In view of our disposition, we need not reach defendants' remaining contentions. Concur—Saxe, J.P., Moskowitz, Gische, Kahn and Gesmer, JJ.