Unitrin Advantage Ins. Co. v All of NY, Inc. (2018 NY Slip Op 00810)





Unitrin Advantage Ins. Co. v All of NY, Inc.


2018 NY Slip Op 00810


Decided on February 6, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 6, 2018

Richter, J.P., Mazzarelli, Webber, Kern, Oing, JJ.


5629 154138/14

[*1]Unitrin Advantage Insurance Company, Plaintiff-Respondent,
v
All of NY, Inc., et al., Defendants, Andrew J. Dowd, M.D., Defendant-Appellant.


Law Offices of Economou & Economou, P.C., Syosset (Ralph C. Caio of counsel), for appellant.
Rubin, Fiorella & Friedman LLP, New York (Harlan R. Schreiber of counsel), for respondent.



Order and judgment (one paper) of the Supreme Court, New York County (Debra A. James, J.), entered January 5, 2016, which granted plaintiff Unitrin Advantage Insurance Company's (Unitrin) motion for summary judgment and declared that it had no duty to pay no-fault benefits to defendant Andrew J. Dowd, M.D., in connection with the subject April 16, 2013 collision, unanimously modified, on the law, to deny summary judgment and vacate the declaration as to the May 15, 2013, May 22, 2013, and May 31, 2013 dates of medical services, and otherwise affirmed, without costs.
Although the failure of a person eligible for no-fault benefits to appear for a properly noticed EUO constitutes a breach of a condition precedent, vitiating coverage, Unitrin was still required to provide sufficient evidence to enable the court to determine whether the notices it served on Dr. Dowd for the EUOs satisfied to the timeliness requirements of 11 NYCRR 65—3.5(b) and 11 NYCRR 65—3.6(b) (see Kemper Independence Ins. Co. v Adelaida Physical Therapy, P.C., 147 AD3d 437, 438 [1st Dept 2017], citing Mapfre Ins. Co. of N.Y. v Manoo, 140 AD3d 468, 470 [1st Dept 2016]). The bills for the first and second dates of medical services, May 15, 2013, and May 22, 2013, were both received by Unitrin on June 17, 2013. In accordance with 11 NYCRR 65-3.5(b), Unitrin had 15 business days to request the EUO, or by July 1, 2013. Unitrin's July 15, 2013 scheduling letter, even if properly mailed, was not timely as to either date of service.
Although the EUO scheduling letters for the third and fourth dates of medical services, both of which reflected services rendered on May 31, 2013, were timely, the reasons for denial on the NF-10 denial of claim form were stated solely as a failure to appear for an EUO scheduled on July 29, 2013. The second examination date, August 12, 2013, is not mentioned, and therefore did not sufficiently apprise the provider as to the reason for denial (see Nyack Hosp. v State Farm Mut. Auto. Ins. Co., 11 AD3d 664, 664-665 [2d Dept 2004]).
The final claim, for date of medical services June 12, 2013, bill received on July 10, 2013, was timely and properly denied.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 6, 2018
CLERK