Hereford Ins. Co. v Lida's Med. Supply, Inc. (2018 NY Slip Op 03226)





Hereford Ins. Co. v Lida's Med. Supply, Inc.


2018 NY Slip Op 03226


Decided on May 3, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 3, 2018

Richter, J.P., Gesmer, Oing, Singh, Moulton, JJ.


6428 156073/16

[*1]Hereford Insurance Company, Plaintiff-Appellant,
v
Lida's Medical Supply, Inc., et al., Defendants-Respondents, Hayek Chiropractic, P.C., et al., Defendants.


Rubin, Fiorella & Friedman LLP, New York (David F. Boucher, Jr. of counsel), for appellant.



Order, Supreme Court, New York County (Joan M. Kenney, J.), entered April 24, 2017, which denied plaintiff's motion for summary judgment declaring that it has no obligation to pay the no-fault medical provider claims of defendants Lida's Medical Supply, Inc. and American Kinetics Lab, Inc. with respect to the July 9, 2015 motor vehicle accident, unanimously reversed, on the law, without costs, the motion granted, and it is so declared.
Plaintiff's first cause of action is for a declaratory judgment that it did not owe a duty to pay no-fault claims because the underlying claimants failed to appear for independent medical examinations (IMEs). While plaintiff's notice of motion did not specify that it was solely moving for summary judgment on its first cause of action, its attorney's affirmation shows that they were limiting the relief sought to this claim.
When an individual submits a personal injury claim for motor vehicle no-fault benefits, the insurance company may request that the individual submit to an IME, and if the individual fails to appear for that IME, it "constitutes a breach of a condition precedent vitiating coverage" (Mapfre Ins. Co. of N.Y. v Manoo, 140 AD3d 468, 470 [1st Dept 2016]; see Unitrin Advantage Ins. Co. v Bayshore Physical Therapy, PLLC, 82 AD3d 559, 560 [1st Dept 2011], lv denied 17 NY3d 705 [2011]; 11 NYCRR 65-1.1). Here, plaintiff established its entitlement to judgment as a matter of law by submitting the letters sent to each claimant notifying them about the date, time, and location of the initially scheduled IME and a second scheduled IME and affidavits of service for these letters. Plaintiff also submitted affidavits from each medical professional assigned to conduct the scheduled IME, with each stating that the medical professional was in his or her office at the date and time of the scheduled IME, the respective claimant failed to appear, the appointment was kept open until the end of the day, and at the end of the day, the medical professional filled out the affidavit acknowledging the nonappearance.
Because Hereford sent the notices scheduling the IMEs prior to the receipt of each of the claims, the notification requirements for verification requests under 11 NYCRR 65-3.5 and 65-3.6 do not apply (see Mapfre at 469). Furthermore, plaintiff was not required "to demonstrate [*2]that the claims were timely disclaimed since the failure to attend medical exams was an absolute coverage defense" (American Tr. Ins. Co. v Lucas, 111 AD3d 423, 424-25 [1st Dept 2013]]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 3, 2018
CLERK