Hertz Vehicles, LLC v Best Touch PT, P.C. (2018 NY Slip Op 04854)





Hertz Vehicles, LLC v Best Touch PT, P.C.


2018 NY Slip Op 04854


Decided on June 28, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 28, 2018

Tom, J.P., Mazzarelli, Kapnick, Singh, JJ.


7028N 156148/16

[*1] Hertz Vehicles, LLC, Plaintiff-Appellant,
v
Best Touch PT, P.C., et al., Defendants-Respondents, Daniel Cohen, M.D., Defendant.


Rubin, Fiorella & Friedman LLP, New York (David F. Boucher, Jr. of counsel), for appellant.



Order, Supreme Court, New York County (Kathryn E. Freed, J.), entered June 6, 2016, which denied, with leave to renew upon proper papers, plaintiff's motion pursuant to CPLR 3215 for a default judgment against all defendants except Daniel Cohen, M.D., declaring that it was not obligated to provide no-fault insurance coverage, unanimously modified, on the law and the facts, to grant the motion as against defendant Jennifer Bellevue, and otherwise affirmed, without costs. The Clerk is directed to enter judgment declaring that plaintiff is not obligated to provide no-fault insurance for defendant Jennifer Bellevue in connection with the July 29, 2015 motor vehicle accident.
Plaintiff failed to meet its burden of filing "proof of the facts constituting the claim" for a default declaratory judgment (CPLR 3215[f]) against the medical provider defendants, i.e., proof establishing that the notices of examination under oath (EUO) that it served on those defendants complied with the timeliness requirements of 11 NYCRR 65-3.5(b) (see Kemper Independence Ins. Co. v Adelaida Physical Therapy, P.C., 147 AD3d 437 [1st Dept 2017]; Natl. Liab. & Fire Ins. Co. v Tam Med. Supply Corp., 131 AD3d 851 [1st Dept 2015]). An insurer must request any "additional verification . . . to establish proof of claim" within 15 business days after receiving the "prescribed verification forms" it forwarded to the parties required to complete them (11 NYCRR 65-3.5[a], [b]). As none of the motion papers, including the affidavit by plaintiff's claims adjuster, annexes or gives the dates of the prescribed verification forms or other proofs of claim submitted by the medical provider defendants, it is not possible to determine whether the EUO notices were sent to them within 15 business days of plaintiff's receipt of the forms. To the extent plaintiff relies on Mapfre Ins. Co. of N.Y. v Manoo (140 AD3d 468, 469-470 [1st Dept 2016]) to suggest that the 15 business day-deadline does not apply, its reliance is misplaced since, even as described by the claims adjuster, plaintiff first "received claims" from those defendants, and only then, and after defendant Jennifer Bellevue's EUO was conducted, did it seek those defendants' EUOs.
Plaintiff's argument on appeal that the providers' bills are "prescribed verification forms" and its attempt to relate the deadlines applicable to one defendant's EUO requests to another defendant's submission of claims documentation or appearance for an EUO are unpreserved and, in any event, unsupported.
Plaintiff also failed to provide, for default judgment purposes, sufficient proof of the facts constituting its claim against defendant Joanne Alexis. It offered no evidence of the date of receipt of the no-fault benefit application forms she submitted — the operative event for purposes of starting the 15-business-day period.
The court erred in denying plaintiff's motion for a default judgment against Bellevue on the ground that the motion did not contain any letter reflecting that Bellevue's EUO transcript was sent to her for signature. The motion does contain such a letter, dated March 14, 2016, as well as a follow-up letter, dated April 20, 2016, and accompanying affidavits of service. As the [*2]failure to submit to an EUO and "subscribe the same" violates a condition precedent to coverage (see 11 NYCRR 65-2.4[c][2]), plaintiff provided adequate proof of its claims against Bellevue (see DTG Operations, Inc. v Park Radiology, P.C., 2011 NY Slip
Op. 32467[U], *5-6 [Sup Ct, NY County 2011]).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 28, 2018
CLERK