Village Medical Supply, Inc. a/a/o Kamilah Thompson, Plaintiff-Appellant,
against
Hereford Ins. Co., Defendant-Respondent.



Plaintiff appeals from an order of the Civil Court of the City of New York, New York County (Joseph E. Capella, J.), entered June 12, 2013, which granted defendant's motion for summary judgment dismissing the complaint and denied plaintiff's cross-motion for summary judgment.




Per Curiam.
Order (Joseph E. Capella, J.), entered June 12, 2013, affirmed, with $10 costs.
The defendant-insurer made a prima facie showing of entitlement to summary judgment dismissing the action for first-party no-fault benefits by establishing that it timely and properly mailed the notices for examinations under oath [EUOs] to plaintiff's assignor and that the assignor failed to appear at the two scheduled EUOs (see Allstate Ins. Co. v Pierre, 123 AD3d 618 [2014]; Hertz Corp. v Active Care Med. Supply Corp., 124 AD3d 411 [2015]). Contrary to plaintiff's contention, defendant submitted competent evidence of the assignor's nonappearance in the form of the affidavit of defendant's employee who was responsible for the scheduling of the EUOs, setting forth sufficient facts to demonstrate the affiant's personal knowledge of the assignor's repeated failure to appear for the EUOs and the office practices and policies when an assignor fails to appear for a scheduled IME (see Hereford Ins. Co. v Lida's Med. Supply, Inc.,— AD3d &mdash, 2018 NY Slip Op 03226 [1st Dept 2018]; American Tr. Ins. Co. v Solorzano, 108 AD3d 449 [2013]).
In opposition to defendant's prima facie showing, plaintiff did not specifically deny the assignor's nonappearance at the scheduled EUOs, or otherwise raise a triable issue with respect thereto, or as to the mailing or reasonableness of the underlying notices (see American Tr. Ins. Co. v Marte-Rosario, 111 AD3d 442 [2013]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: June 28, 2018