Unitrin Direct Ins. Co. v Beckles (2020 NY Slip Op 06974)





Unitrin Direct Ins. Co. v Beckles


2020 NY Slip Op 06974


Decided on November 24, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 24, 2020

Before: Renwick, J.P., Kapnick, Gesmer, Kern, JJ. 


Index No. 153706/18 Appeal No. 12480 Case No. 2020-02090 

[*1]Unitrin Direct Insurance Company, Plaintiff-Appellant,
v
Alan Dennis Beckles, M.D., et al., Defendants, Jules Francois Parisien, M.D., et al., Defendants-Respondents.


Goldberg, Miller & Rubin P.C., New York (Eli Shmulik and Harlan R. Schreiber of counsel), for appellant.
The Rybak Firm PLLC, Brooklyn (Maksim Leyvi of counsel), for respondents.



Order, Supreme Court, New York County (Melissa A. Crane, J.), entered on or about November 1, 2019, which denied summary judgment on plaintiff's first cause of action for a declaration disclaiming coverage for no-fault benefits sought by defendants-respondents Jules Francois Parisien, M.D. and SP Orthotic Surgical & Medical Supply, Inc., unanimously reversed, on the law, with costs, the motion granted, and it is declared that plaintiff has no coverage obligation for no-fault benefits sought by the defendants-respondents. The Clerk is directed to enter judgment accordingly.
Where, as here, the insurer submits evidence of a medical provider claim (NF-3), the timely request for an independent medical examination (IME) of the injured claimant within 15 days of the receipt of that claim, and the injured claimant is a no-show at two duly noticed IMEs, the basis for disclaimer of coverage is established, as a matter of law, and summary judgment is properly awarded to the insurer with respect to further coverage obligations and reimbursement of outstanding medical bills with respect to all treating providers (see Kemper Independence Ins. Co. v Adelaida Physical Therapy, P.C., 147 AD3d 437 [1st Dept 2017]; National Liab. & Fire Ins. Co. v Tam Med. Supply Corp., 131 AD3d 851 [1st Dept 2015]),THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 24, 2020