American Tr. Ins. Co. v Martinez (2022 NY Slip Op 00963)





American Tr. Ins. Co. v Martinez


2022 NY Slip Op 00963


Decided on February 15, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 15, 2022

Before: Kern, J.P., Oing, Singh, Moulton, González, JJ. 


Index No. 656140/18, 656207/18 Appeal No. 15306,15307 Case No. 2021-02080, 2021-01132 

[*1]American Transit Insurance Company, Plaintiff-Respondent,
v
Moises Martinez et al., Defendants, Burke Physical Therapy PC et al., Defendants-Appellants.
American Transit Insurance Company, Plaintiff-Respondent,
v
Saleema Watson Bey et al., Defendants, Longevity Medical Supply Inc et al., Defendants-Appellants.


The Rybak Firm, PLLC, Brooklyn (Maksim Leyvi of counsel), for appellants.



Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered on or about December 11, 2020 in index No. 656140/18, which granted plaintiff's motion for summary judgment declaring that it need not honor or pay any claims from defendants Burke Physical Therapy, P.C., Columbus Imaging Center, LLC, Metro Pain Specialists, P.C., and Right Aid Medical Supply Corp. in connection with a May 22, 2018 accident, unanimously reversed, on the law, without costs, and the motion denied.
Order, same court and Justice, entered on or about October 6, 2020 in index No. 656207/18, which granted plaintiff's motion for summary judgment declaring that it need not honor or pay any claims from defendants Longevity Medical Supply, Inc., Sanford Chiropractic, P.C., and Verebrae Chiropractic Care, P.C. in connection with an accident that occurred on June 11, 2018, unanimously reversed, on the law, without costs, and the motion denied.
The failure to appear for a properly scheduled independent medical examination (IME) requested by the insurer "when, and as often as, it may reasonably require is a breach of a condition precedent to coverage under the no-fault policy" and vitiates coverage ab initio (Unitrin Advantage Ins. Co. v Bayshore Physical Therapy, PLLC, 82 AD3d 559, 560 [1st Dept 2011], lv denied 17 NY3d 705 [internal quotations marks, brackets, and citation omitted]). However, to meet its prima facie burden for summary judgment where it has denied a claim for no-fault benefits based on a patient's failure to appear for an IME, the insurer must establish that it requested IMEs in accordance with the procedures and time frames set forth in the no-fault implementing regulations and that the patient did not appear (American Tr. Ins. Co. v Longevity Med. Supply, Inc., 131 AD3d 841, 841-842 [1st Dept 2015]). Because it is impossible to discern from the record in each case here whether plaintiff complied with the requisite time frames requiring it to request IMEs within 15 days of receiving appellants' claims and scheduling the IMEs for within 30 days of receiving their claims (11 NYCRR 65-3.5[b],[d] ), plaintiff failed to establish its prima facie entitlement to summary judgment (Longevity Med. Supply, 131 AD3d at 841-842; see Kemper Independence Ins. Co. v Adelaida Physical Therapy, P.C., 147 AD3d 437, 438 [1st Dept 2017]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 15, 2022