American Tr. Ins. Co. v Acosta (2022 NY Slip Op 01097)





American Tr. Ins. Co. v Acosta


2022 NY Slip Op 01097


Decided on February 17, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 17, 2022

Before: Manzanet-Daniels, J.P., Gische, Mazzarelli, Friedman, Mendez, JJ. 


Index No. 654849/19 Appeal No. 15334 Case No. 2021-02081 

[*1]American Transit Insurance Company, Plaintiff-Respondent,
v
Jony Acosta et al., Defendants, Northside Acupuncture P.C., et al., Defendants-Appellants.


The Rybak Firm, PLLC, Brooklyn (Masksim Leyvi of counsel), for appellants.



Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered on or about December 11, 2020, which granted plaintiff's motion for summary judgment declaring that it need not honor or pay claims from defendants Northside Acupuncture, P.C., Seo Han Medical, P.C., and Straight Up Chiropractic, P.C. in connection with a November 23, 2017 accident, reversed, on the law, without costs, and the motion denied.
The failure to appear for a properly scheduled medical examination (ME) requested by the insurer "when, and as often as, it may reasonably require is a breach of a condition precedent to coverage under the no-fault policy" and vitiates coverage ab initio (Unitrin Advantage Ins. Co. v Bayshore Physical Therapy, PLLC, 82 AD3d 559, 560 [1st Dept 2011], lv denied 17 NY3d 705 [2011] [internal quotation marks, brackets, and citation omitted]). However, to meet its prima facie burden for summary judgment where it has denied a claim for no-fault benefits based on a patient's failure to appear for an ME, the insurer must establish that it requested MEs in accordance with the procedures and time frames set forth in the no-fault implementing regulations and that the patient did not appear (American Tr. Ins. Co. v Longevity Med. Supply, Inc., 131 AD3d 841, 841-842 [1st Dept 2015]). As defendants argued in opposition to the summary judgment motion, because it is impossible to discern from the record whether plaintiff complied with the requisite time frames requiring it to request MEs within 15 days of receiving defendants' claims and scheduling the MEs within 30 days of receiving their claims (11 NYCRR 65-3.5[b],[d] ), plaintiff failed to establish its prima facie entitlement to summary judgment (Longevity Med. Supply, 131 AD3d at 841-842; see Kemper Independence Ins. Co. v Adelaida Physical Therapy, P.C., 147 AD3d 437, 438 [1st Dept 2017]).
All concur except Manzanet-Daniels, J.P. who
concurs in a separate memorandum as follows:




MANZANET-DANIELS, J.P. (concurring)
 

Insofar as the majority opinion is premised on our precedent in Unitrin Advantage Ins. Co. v Bayshore Physical Therapy, PLLC (82 AD3d 559, 560 [1st Dept 2011], lv denied 17 NY3d 705 [2011]), I am constrained to concur; however, I favor the reasoning of our sister departments that the failure to appear for a medical examination (ME) constitutes a breach of policy term and not a failure of condition precedent that would entitle the insurer to void the policy ab initio. The defense of failure to appear for an ME is more akin to a policy exclusion than a lack of coverage in the first instance such as where the policy had terminated prior to the accident or the injuries were not caused by the covered accident (see e.g. Nationwide Affinity Ins. Co. of Am. v Jamaica Wellness Med., P.C., 167 AD3d 192 [4th Dept 2018]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 17, 2022