State Farm Mut. Auto. Ins. Co. v AK Global Supply Corp. (2022 NY Slip Op 01890)





State Farm Mut. Auto. Ins. Co. v AK Global Supply Corp.


2022 NY Slip Op 01890


Decided on March 17, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 17, 2022

Before: Kapnick, J.P., Mazzarelli, Friedman, Gesmer, Oing, JJ. 


Index No. 158918/19 Appeal No. 15543-15543A Case No. 2021-01573 2021-02799 

[*1]State Farm Mutual Automobile Insurance Company, Plaintiff-Appellant,
v
AK Global Supply Corp. et al, Defendants, Atlas PT PC et al., Defendants-Respondents. 


Rivkin Radler LLP, Uniondale (Stuart M. Bodoff of counsel), for appellant.



Order, Supreme Court, New York County (Barbara Jaffe, J.), entered on or about September 30, 2020, which, to the extent appealed from as limited by the brief, denied plaintiff insurer's motion for a declaratory judgment on default, upon the first and second causes of action, against defendants Atlas PT PC, Bliss Acupuncture PC, Confident Medical Services, Harbor Medical Group, PC, M&D Elite Pharmacy LLC, MG Chiropractic PC, Red Oak Medical PC, RL Chiropractic Diagnostic PC, Seasoned Acupuncture PC (collectively, the Defaulting Medical Providers), Charles Guillaume, Jean Gedin, Orelien Huggins, John Doe, and Shenigthder Loiseau, unanimously modified, on the law, to grant the motion as to the Defaulting Medical Providers and defendant Huggins, and it is declared that plaintiff has no duty to pay these defendants' claims arising out of an alleged October 17, 2018 automobile accident, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered April 2, 2021, which denied plaintiff's motion to reargue, unanimously dismissed, without costs, as abandoned and as taken from a nonappealable order.
Plaintiff submitted proof of proper service pursuant to CPLR 308(3) on the Defaulting Medical Providers and proof of proper service pursuant to CPLR 308(1) on Huggins. Plaintiff failed to provide proof of proper service on defendants Guillaume, Gedin, and Loiseau. It provided affidavits of service on the latter three defendants pursuant to CPLR 308(4), but, while the affidavits listed the dates and addresses of attempted service, they failed to specify the times of attempted service, as required by CPLR 306(c).
In any event, plaintiff demonstrated that Guillaume, Gedin, and Huggins (collectively, the claimants) each breached a condition precedent to coverage by failing to appear for properly noticed Examinations Under Oath (EUOs) on two separate occasions (see Hertz Vehicles, LLC v Alluri, 171 AD3d 432, 432 [1st Dept 2019]). Documentary evidence shows that plaintiff sent the EUO scheduling letters to the claimants within 15 business days of receiving the prescribed verification forms (in this case, NF-3 forms), as required (see 11 NYCRR 65-3.5[b]; Hertz Vehicles, LLC v Best Touch PT, P.C.,162 AD3d 617 [1st Dept 2018]). Contrary to the motion court's calculation of the 15-day period as starting from plaintiff's receipt of the claimants' NYS Form NF-2s, the NYS Form NF-2 is not a "prescribed verification form[]," but an application for no-fault benefits (11 NYCRR 65-3.5[b]). Plaintiff also submitted an affirmation by attorney Harlan R. Schreiber that demonstrated timely mailing of the EUO scheduling letters by describing the standard practices and procedures used by his office to ensure that such letters are properly addressed and mailed, as well as stating that he personally supervised the mailing of these particular letters (see Hertz Corp. v Active Care Med. Supply Corp., 124 AD3d 411, 411 [1st Dept 2015]). Plaintiff further established [*2]that each claimant failed to appear for the duly scheduled EUOs by submitting the transcripts of the EUOs.
Plaintiff demonstrated that it has no duty to pay defendants' claims in connection with the alleged accident, including the obligation to defend and indemnify Loiseau or John Doe, because it had a "founded belief" that the alleged injuries did not arise out of the subject insured accident (see Central Gen. Hosp. v Chubb Group of Ins. Cos., 90 NY2d 195, 199 [1997]). Plaintiff did not have the benefit of discovery with respect to the claimants, but its complaint and supporting affidavits allege facts sufficient to state a viable cause of action, and, "[i]ndeed, defaulters are deemed to have admitted all factual allegations contained in the complaint and all reasonable inferences that flow from them" (Woodson v Mendon Leasing Corp., 100 NY2d 62, 70-71 [2003]). Plaintiff's Claim Specialist, Danette Rodriguez submitted an affidavit stating that the policy was procured online to an Albany address 22 days before the collision, that the collision occurred late at night in Queens County, far from Albany, and that the adverse driver, Alister Brown, told the police he did not believe that the claimants were in the insured vehicle at the time of the collision. She stated further that the claimants began undergoing elaborate and mirror treatments the next day, although the police accident report showed no reported injuries at the scene and no damage to either car. Moreover, during an interview with plaintiff, the alleged driver of the insured vehicle, Oneil Pierrisaint, denied ever driving the vehicle, knowing any of the claimants, or knowing Loiseau's name, which led plaintiff to conclude that Pierrisaint's identity had been stolen by John Doe, the unknown driver. Finally, Evans Julce, a witness to the collision, stated in an affidavit that the insured vehicle seemed to have collided with Brown's car intentionally.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 17, 2022