American Tr. Ins. Co. v Alcantara (2022 NY Slip Op 01871)





American Tr. Ins. Co. v Alcantara


2022 NY Slip Op 01871


Decided on March 17, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 17, 2022

Before: Kapnick, J.P., Mazzarelli, Friedman, Gesmer, Oing, JJ. 


Index No. 650086/19 Appeal No. 15535 Case No. 2021-03040 

[*1]American Transit Insurance Company, Plaintiff-Respondent,
v
Ada Alcantara, Defendant, Advanced Ortho & Joint Preservation PC et al., Defendants-Appellants, American Acupuncture PC et al., Defendants, P&D Merchandise Corp. et al., Defendants-Respondents.


The Rybak Firm, PLLC, Brooklyn (Maksim Leyvi of counsel), for Metro Pain Specialists PC and Pro Edge Chiropractic PC, appellants.



Order, Supreme Court, New York County (Louis L. Nock, J.), entered on or about February 24, 2021, which granted plaintiff American Transit Insurance Company's motion for summary judgment declaring that the insurance policy it had issued was void ab initio and that the medical provider defendants were not entitled to no-fault insurance benefits arising out of a motor vehicle accident involving defendant Ada Alcantara, unanimously reversed, on the law, without costs, the motion denied, and the matter remanded for further proceedings consistent with this decision.
Plaintiff insurer failed to establish prima facie that it was entitled to summary judgment based on the insured's failure to appear for an independent medical examination (IME), as its motion papers did not demonstrate that it sustained its burden of showing that it complied with New York State no-fault regulations (11 NYCRR § 65-3.5[b], [d]) governing the timeframes for scheduling IMEs (see Hertz Vehicles LLC v Best Touch PT, P.C., 162 AD3d 617, 618 [1st Dept 2018]; Kemper Independence Ins. Co. v Adelaida Physical Therapy, P.C., 147 AD3d 437, 438 [1st Dept 2017]; American Tr. Ins. Co. v Longevity Med. Supply, Inc., 131 AD3d 841, 841 [1st Dept 2015]). Specifically, plaintiff did not establish that it timely requested the IMEs under the applicable no-fault regulations, since plaintiff's motion papers did not establish the dates of the verification forms that it received from the medical provider defendants; therefore, it is not possible to determine whether plaintiff sent the appropriate notices within 15 business days or 30 calendar days of receiving the forms, as required under (11 NYCRR) § 65-3.5(b) and (d) (see American Tr. Ins. Co. v Acosta, AD3d, 2022 NY Slip Op 01097 [1st Dept 2022]; American Tr. Ins. Co. v Vance, 131 AD3d 849, 850 [1st Dept 2015]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 17, 2022