**Liberty Mut. Ins. Co. v Jamison**

2025 NY Slip Op 31802(U)

May 15, 2025

Supreme Court, New York County

Docket Number: Index No. 654358/2022

Judge: Lori S. Sattler

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. LORI S. SATTLER**                   **PART**                **02M**

*Justice*

-------------------------------------------------------------------------------X

LIBERTY MUTUAL INSURANCE COMPANY, LM
GENERAL INSURANCE COMPANY,

**INDEX NO.**          654358/2022

**MOTION DATE**     07/11/2024

Plaintiff,

**MOTION SEQ. NO.**        002

- v -

JASON JAMISON, MICHAEL MILHOUSE, LAMAR
CHISHOLM, ABDUL-MASSIH FAMILY HEALTH, ALL CITY
FAMILY HEALTHCARE INC, AHMED M IBRAHIM PT,
BASIS MEDICAL PC,CHI CHINESE ACUPUNCTURE
PC,COMPLETE NEUROPSYCHOLOGY PC,ECNYC CO,
EMOTE MEDICAL SERVICES PC,EMUNA INC, ERIC
KENWORTHY MD, FAMILY HEALTH NP PC,GRACE
MEDICAL HEALTH PROVIDER PC,HARVEY LEVITAN MD,
MICHAEL ZWIRBLIA PSYD, NORTHEAST MEDICAL
DEVICES LLC,NY UNION PHARMACY INC, ONE RX
CHEMIST INC, PRANEVICIUS MEDICAL PC,PRISTINE RX
CORP, SEDATION VACATION PERIOPERATIVE
MEDICINE PLLC,SHEILA SOMAN MD, WALMED
EQUIPMENT LLC,YK MEDICAL PLLC

**DECISION + ORDER ON
MOTION**

Defendant.

-------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 002) 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103

were read on this motion to/for                    JUDGMENT – SUMMARY                .

In this declaratory judgment action, plaintiffs Liberty Mutual insurance Company and

LM General Insurance Company ("Plaintiffs") move for an order granting summary judgment

against defendants Basis Medical PC, ECNYC Co., Eric Kenworthy MD, Michael Zwirblia

PsyD, One RX Chemist Inc., Pranevicius Medical PC, Pristine RX Corp, and YK Medical PLLC

("Answering Defendants"), declaring and permanently staying any arbitration or court hearing

brought by the Answering Defendants, declaring and granting a permanent injunction barring

from continuing or being commenced any arbitration or court hearing brought by Answering

[* 1]

Defendants, and declaring that Plaintiffs' denial of all No-Fault claims by the Answering Defendants stemming from the alleged occurrence be deemed valid. Defendants Family Health NP, P.C., Walmed Equipment LLC, and Northeast Medical Devices LLC opposed the motion but the action has since been discontinued as against them (NYSCEF Doc. Nos. 107-108). The remaining answering defendants failed to submit opposition to the motion. Plaintiff has discontinued the action as against several defendants against whom it had initially moved for relief that it moved for relief against namely: All City Family Healthcare, Inc. Abdul-Massih Family Health, Chi Chinese Acupuncture PC, Emote Medical Services, PC, and Grace Medical Health Provider, PC (NYSCEF Doc. Nos. 104-105).

This declaratory judgment action arises out of an alleged motor vehicle accident on October 14, 2021 involving individual defendants Jason Jamison, Michael Milhouse, and Lamar Chisolm ("Claimants") in a vehicle insured by Plaintiffs. Claimants purportedly sought medical treatment from the other defendants ("medical provider defendants"), which then submitted bills to Plaintiffs seeking reimbursement under the vehicle's No-Fault policy. As part of their claims investigation, Plaintiffs requested Claimants to submit to examinations under oath ("EUOs"). Claimants failed to appear for their EUOs and Plaintiffs denied the bills submitted by the medical provider defendants due to Claimants' violation of a condition precedent to coverage under the applicable No-Fault policy.

Plaintiffs commenced this action seeking a declaratory judgment that it has no obligation to reimburse the medical provider defendants under the policy. The Court granted default judgment against Claimants and certain medical provider defendants on January 10, 2024 (NYSCEF Doc. No. 42). Plaintiffs now move for summary judgment against the Answering Defendants, who do not oppose the motion.

654358/2022   LIBERTY MUTUAL INSURANCE COMPANY ET AL vs. JAMISON, JASON ET AL          Page 2 of 5
  Motion No.  002

2 of 5

On a motion for summary judgment, a movant must make a prima facie showing that they are entitled to judgment as a matter of law by tendering sufficient evidence to demonstrate the absence of any issue of material fact (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). After the movant makes this showing, "the burden shifts to the party opposing the motion . . . to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact such that trial of the action is required" (*id.*).

11 NYCRR § 65-1.1 requires that full compliance by an eligible injured person with the terms of coverage in a No-Fault policy is a condition precedent to all claims against an insurance company under the relevant policy. A claimant-defendant's failure to submit to an EUO constitutes a breach of a condition precedent to coverage under a No-Fault policy and vitiates the policy (*Hertz Corp. v Active Care Med. Supply Corp.*, 124 AD3d 411 [1st Dept 2015]). An insurer must establish that it requested EUOs in accordance with the procedures and time frames in the No-Fault regulations (11 NYCRR § 65-3.5) in order to deny a claim where a claimant-defendant fails to appear for an EUO (*Unitrin*, 82 AD3d at 560; *American Tr. Ins. Co. v Longevity Med. Supply, Inc.*, 131 AD3d 841, 841-42 [1st Dept 2019]).

Here, Plaintiffs present sufficient evidence to meet its prima facie burden for summary judgment as it demonstrates that the EUOs were properly and timely noticed by submitting copies of the EUO requests and proof of Claimants' nonappearance (NYSCEF Doc. Nos. 65-67) and an affirmation that they failed to appear (NYSCEF Doc. No. 68). In the absence of opposition and based on the proof submitted, Plaintiffs are entitled to summary judgment against the Answering Defendants.

Accordingly, it is hereby:

654358/2022   LIBERTY MUTUAL INSURANCE COMPANY ET AL vs. JAMISON, JASON ET AL   Page 3 of 5
Motion No.  002

3 of 5

[* 3]

ORDERED that Plaintiff's motion for summary judgment is granted; and it is further

ORDERED, ADJUDGED, and DECLARED that Claimants breached a condition precedent to coverage as established by the No-Fault Regulations and the subject policy of insurance and accompanying No-Fault endorsement by failing to appear at their respective EUOs; and it is further

ORDERED, ADJUDGED and DECREED that Plaintiffs denials of all claims for No-Fault benefits by the Answering Defendants stemming from the alleged occurrence of October 14, 2021 involving individual defendants Jason Jamison, Michael Milhouse and Lamar Chisolm are valid; and it is further

ORDERED, ADJUDGED, and DECLARED that Plaintiff owes no duty to provide any No-Fault reimbursements to defendants Basis Medical PC, ECNYC Co., Eric Kenworthy MD, Michael Zwirblia PsyD, One RX Chemist Inc., Pranevicius Medical PC, Pristine RX Corp, and YK Medical PLLC, for any claim or bill submitted by or on behalf of Jason Jamison, Michael Milhouse and Lamar Chisolm, as they breached a condition precedent to coverage by failing to appear at their respective EUOs; and it is further

ORDERED, ADJUDGED and DECREED that each and every part of any arbitration or court hearing brought by defendants Basis Medical PC, ECNYC Co., Eric Kenworthy MD, Michael Zwirblia PsyD, One RX Chemist Inc., Pranevicius Medical PC, Pristine RX Corp, and YK Medical PLLC stemming from the alleged occurrence of October 14, 2021 involving individual defendants Jason Jamison, Michael Milhouse and Lamar Chisolm, is hereby permanently stayed; and it is further

654358/2022   LIBERTY MUTUAL INSURANCE COMPANY ET AL vs. JAMISON, JASON ET AL          Page 4 of 5
Motion No. 002

[* 4]                                                              4 of 5

ORDERED that the Clerk is directed to enter judgment against defendants Basis Medical PC, ECNYC Co., Eric Kenworthy MD, Michael Zwirblia PsyD, One RX Chemist Inc., Pranevicius Medical PC, Pristine RX Corp, and YK Medical PLLC.

This constitutes the Decision and Order of the Court.

| **5/15/2025** | | | | | |
|---|---|---|---|---|---|
| **DATE** | | | | **LORI S. SATTLER, J.S.C.** | |
| **CHECK ONE:** | X | **CASE DISPOSED** | | **NON-FINAL DISPOSITION** | |
| | X | **GRANTED** | **DENIED** | **GRANTED IN PART** | **OTHER** |
| **APPLICATION:** | | **SETTLE ORDER** | | **SUBMIT ORDER** | |
| **CHECK IF APPROPRIATE:** | | **INCLUDES TRANSFER/REASSIGN** | | **FIDUCIARY APPOINTMENT** | **REFERENCE** |

**654358/2022   LIBERTY MUTUAL INSURANCE COMPANY ET AL vs. JAMISON, JASON ET AL**        **Page 5 of 5**
**Motion No.  002**

[* 5]