**Liberty Mut. Ins. Co. v Barrett-Lord**

2025 NY Slip Op 31790(U)

May 15, 2025

Supreme Court, New York County

Docket Number: Index No. 650001/2023

Judge: Lori S. Sattler

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  **HON. LORI S. SATTLER**

*Justice*

PART        02M

---------------------------------------------------------------------------------X

LIBERTY MUTUAL INSURANCE COMPANY, LM
GENERAL INSURANCE COMPANY,

                                    Plaintiff,

- v -

JERRY BARRETT-LORD, 167 RX INC, ANDREW
GEWIRTZ MD, BRONX DIAGNOSTIC RADIOLOGY
PC,CARE TOUCH PT PC,EMPIRE MEDICAL &
REHABILITATION PC,FLOW RX, INC, GRACE MEDICAL
HEALTH PROVIDER PC,KNAPP ORTHO SERVICES INC,
KONATA SOLOMON STALLINGS PSYD, MACINTOSH
MEDICAL PC,MAZAL PHARMACY INC DBA MIRAGE,
NEW GENERATION ACUPUNCTURE PC,PAL MEDICAL
SUPPLIES INC, PHELAN CLANCY NP IN ADULT HEALTH
PLLC,QUAZI R MEDICAL SERVICES PC,TOTAL
ANESTHESIA PROVIDER PC,VBW SERVICES, INC

                                    Defendant.

--------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 650001/2023 |
| MOTION DATE | 11/25/2024 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 40, 41, 42, 43, 44,
45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58

were read on this motion to/for            JUDGMENT - SUMMARY            .

This declaratory judgment action arises out of a motor vehicle accident that purportedly

occurred on December 30, 2021 involving individual defendant Jerry Barrett-Lord, Jr.

("Claimant") in which he states that his vehicle was struck by a vehicle operated by nonparty

Mars Express Corp., which was insured by plaintiffs Liberty Mutual Insurance Company and

LM General Insurance Company ("Plaintiffs").  Claimant purportedly sought treatment from the

other defendants (collectively the "Medical Provider Defendants"), which then submitted bills to

Plaintiffs seeking reimbursement under the vehicle's No-Fault policy.  As part of the claims

investigation process, Plaintiffs timely requested that Claimant appear for Examinations Under

650001/2023   LIBERTY MUTUAL INSURANCE COMPANY ET AL vs. BARRETT-LORD JR.,
JERRY ET AL
Motion No.  002

Page 1 of 4

1 of 4

[* 1]

Oath ("EUOs"). The Claimant subsequently failed to appear at his EUO (NYSCEF Doc. Nos. 50-53). Plaintiffs denied the bills submitted by the Medical Provider Defendants.

Plaintiffs thereafter commenced this action seeking a declaratory judgment that it has no obligation to reimburse the Medical Provider Defendants under the applicable No-Fault policy. Default judgment was entered against Claimant and certain Medical Provider Defendants on February 16, 2024 (NYSCEF Doc. No. 31). Plaintiffs now move for summary judgment against the remaining Medical Provider Defendant, PAL Medical Supplies Inc., which does not oppose the motion.

On a motion for summary judgment, a movant must make a prima facie showing that they are entitled to judgment as a matter of law by tendering sufficient evidence to demonstrate the absence of any issue of material fact (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). After the movant makes this showing, "the burden shifts to the party opposing the motion . . . to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact such that trial of the action is required" (*id.*).

11 NYCRR § 65-1.1 requires that full compliance by an eligible injured person with the terms of coverage in a No-Fault policy is a condition precedent to all claims against an insurance company under the relevant policy. A claimant-defendant's failure to submit to an EUO constitutes a breach of a condition precedent to coverage under a No-Fault policy and vitiates the policy (*Hertz Corp. v Active Care Med. Supply Corp.*, 124 AD3d 411 [1st Dept 2015]). An insurer must establish that it requested EUOs in accordance with the procedures and time frames in the No-Fault regulations (11 NYCRR § 65-3.5) in order to deny a claim where a claimant-defendant fails to appear for an EUO (*Unitrin*, 82 AD3d at 560; *American Tr. Ins. Co. v Longevity Med. Supply, Inc.*, 131 AD3d 841, 841-42 [1st Dept 2019]). Here, Plaintiff presents

650001/2023   LIBERTY MUTUAL INSURANCE COMPANY ET AL vs. BARRETT-LORD JR.,          Page 2 of 4
JERRY ET AL
Motion No.  002

2 of 4

[* 2]

sufficient evidence to meet its prima facie burden of demonstrating that the EUOs were properly and timely noticed by submitting copies of the EUO requests and proof of Claimant's nonappearance (NYSCEF Doc. Nos. 50-53). Plaintiff is therefore entitled to summary judgment against PAL Medical Supplies Inc.

Accordingly, it is hereby:

ORDERED that Plaintiffs' motion for summary judgment is granted; and it is further

ORDERED, ADJUDGED, and DECLARED that Claimant breached a condition precedent to coverage as established by the No-Fault Regulations and the subject policy of insurance and accompanying No-Fault endorsement by failing to appear at his EUO; and it is further

ORDERED, ADJUDGED and DECREED that Plaintiffs' denial of all claims for No-Fault benefits by defendant PAL Medical Supplies Inc. stemming from the alleged occurrence of December 30, 2021 involving individual defendant Jerry Barrett-Lord. Jr. is valid; and it is further

ORDERED, ADJUDGED, and DECLARED that Plaintiffs owe no duty to provide any No-Fault reimbursements to defendant PAL Medical Supplies Inc. for any claim or bill submitted by or on behalf of Jerry Barrett-Lord, Jr., as he breached a condition precedent to coverage by failing to appear at his EUO; and it is further

ORDERED, ADJUDGED and DECREED that each and every part of any arbitration or court hearing brought by defendant PAL Medical Supplies Inc. stemming from the alleged occurrence of December 30, 2021 involving individual defendant Jerry Barrett-Lord, Jr. is hereby permanently stayed; and it is further

650001/2023   LIBERTY MUTUAL INSURANCE COMPANY ET AL vs. BARRETT-LORD JR., JERRY ET AL
Motion No.  002

Page 3 of 4

3 of 4

[* 3]

ORDERED that the Clerk is directed to enter judgment against defendant PAL Medical Supplies Inc.

This constitutes the Decision and Order of the Court.

| 5/15/2025 | | |
|---|---|---|
| **DATE** | | **LORI S. SATTLER, J.S.C.** |

| **CHECK ONE:** | X | **CASE DISPOSED** | | **NON-FINAL DISPOSITION** | |
|---|---|---|---|---|---|
| | X | **GRANTED** | ☐ **DENIED** | **GRANTED IN PART** | ☐ **OTHER** |
| **APPLICATION:** | ☐ | **SETTLE ORDER** | | **SUBMIT ORDER** | |
| **CHECK IF APPROPRIATE:** | ☐ | **INCLUDES TRANSFER/REASSIGN** | ☐ | **FIDUCIARY APPOINTMENT** | ☐ **REFERENCE** |

**650001/2023  LIBERTY MUTUAL INSURANCE COMPANY ET AL vs. BARRETT-LORD JR.,  Page 4 of 4
JERRY ET AL
Motion No.  002**

[* 4]