SVP Med Supply, Inc. v GEICO (2022 NY Slip Op 50931(U))

[*1]

SVP Med Supply, Inc. v GEICO

2022 NY Slip Op 50931(U) [76 Misc 3d 134(A)]

Decided on September 23, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on September 23, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, CHEREÉ A.
BUGGS, JJ

2020-721 K C

SVP Med Supply, Inc., as Assignee of
Ktysztof J. Czlonka, Respondent, 
against
GEICO, Appellant. 

Rivkin Radler, LLP (Stuart M. Bodoff and Cheryl F. Korman of counsel), for appellant.
The Rybak Firm, PLLC (Oleg Rybak of counsel), for respondent (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County (Sandra E.
Roper, J.), entered November 13, 2019. The order, insofar as appealed from and as limited by the
brief, denied defendant's motion for summary judgment dismissing the complaint.

ORDERED that the order, insofar as appealed from, is reversed, with $30 costs, and
defendant's motion for summary judgment dismissing the complaint is granted.
In this action by a provider to recover assigned first-party no-fault benefits, defendant
appeals from so much of an order of the Civil Court as denied defendant's motion which had
sought summary judgment dismissing the complaint on the ground that plaintiff failed to appear
for duly scheduled examinations under oath (EUOs). The Civil Court limited the issues for trial,
in effect pursuant to CPLR 3212 (g), to whether plaintiff had failed to appear for the EUOs. The
court, citing Metro 8 Med. Equip., Inc. v
ELRAC, Inc. (50 Misc 3d 140[A], 2016 NY Slip Op 50174[U] [App Term, 1st Dept
2016]), found that defendant had not made a prima facie showing of plaintiff's failure to appear
for scheduled EUOs due to the amount of time between the scheduled EUOs and the date on
which the affirmation was executed by the attorney who was present to conduct such EUOs, and
the affiant's failure to establish the basis for her recollection of plaintiff's failure to appear.
Contrary to the determination of the Civil Court, the affirmation submitted by the attorney
who was to conduct the scheduled EUOs was sufficient to establish that plaintiff had failed to
[*2]appear. As the attorney who was to conduct such EUOs,
Megan Dimicelli, Esq., stated that she was present at the location of the scheduled EUOs and that
she would have conducted the EUOs if plaintiff had appeared, she possessed personal knowledge
that plaintiff had failed to appear (see
Hertz Corp. v Active Care Med. Supply Corp., 124 AD3d 411 [2015]; T & J Chiropractic, P.C. v State Farm
Mut. Auto. Ins. Co., 47 Misc 3d 130[A], 2015 NY Slip Op 50406[U] [App Term, 2d
Dept, 2d, 11th & 13th Jud Dists 2015]; Natural Therapy Acupuncture, P.C. v State Farm Mut. Auto. Ins. Co.,
44 Misc 3d 141[A], 2014 NY Slip Op 51310[U] [App Term, 2d Dept, 2d, 11th & 13th
Jud Dists 2014]). To the extent the Civil Court stated that an issue existed with respect to
DiMicelli's recollection of plaintiff's failure to appear, such a determination was not warranted,
as, on its face, DiMicelli's affirmation was not unworthy of belief (see e.g. Joseph-Felix v
Hersh, — AD3d —, 2022 NY Slip Op 04905 [2d Dept 2022]; cf.
Metro 8 Med. Equip., Inc. v ELRAC, Inc., 2016 NY Slip Op 50174[U]). In opposition to
defendant's motion, plaintiff could have demonstrated the existence of a material issue of fact by
submitting an affidavit stating that plaintiff had appeared for an EUO, but plaintiff failed to do
so. As plaintiff did not otherwise challenge the implicit CPLR 3212 (g) findings in defendant's
favor, defendant is entitled to summary judgment dismissing the complaint.
Accordingly, the order, insofar as appealed from, is reversed, and defendant's motion for
summary judgment dismissing the complaint is granted.
ALIOTTA, P.J., WESTON and BUGGS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: September 23, 2022