Brefni Chiropractic Diagnostics, P.C. v State Farm Mut. Auto. Ins. Co. (2025 NY Slip Op 51518(U))

[*1]

Brefni Chiropractic Diagnostics, P.C. v State Farm Mut. Auto. Ins. Co.

2025 NY Slip Op 51518(U)

Decided on September 5, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 5, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MARINA CORA MUNDY, J.P., WAVNY TOUSSAINT, JOANNE D. QUIÑONES, JJ

2024-1292 K C

Brefni Chiropractic Diagnostics, P.C., as Assignee of Maria Montanez, Respondent,
against
State Farm Mutual Automobile Ins. Co., Appellant. 

Rivkin Radler, LLP (Stuart M. Bodoff of counsel), for appellant.
Gary Tsirelman, P.C. (David M. Gottlieb of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Sandra E. Roper, J.), entered May 31, 2024. The order, insofar as appealed from and as limited by the brief, denied defendant's motion for summary judgment dismissing the complaint.

ORDERED that the order, insofar as appealed from, is reversed, with $30 costs, and defendant's motion for summary judgment dismissing the complaint is granted. 
In this action by a provider to recover assigned first-party no-fault benefits, defendant appeals, as limited by the brief, from so much of an order of the Civil Court (Sandra E. Roper, J.) entered May 31, 2024 as denied defendant's motion which had sought summary judgment dismissing the complaint on the ground that plaintiff failed to appear for duly scheduled examinations under oath (EUOs). As relevant here, the Civil Court found, pursuant to CPLR 3212 (g), that defendant had timely and properly mailed the letters scheduling plaintiff's EUOs and the denial of claim forms, and limited the issues for trial to whether plaintiff failed to appear for the EUOs. The Civil Court held that defendant had not made a prima facie showing of plaintiff's failure to appear for the scheduled EUOs because defendant did not submit the EUO transcripts to corroborate the attorney's affirmation that was proffered to demonstrate plaintiff's failures to appear. 
Defendant demonstrated, prima facie, that plaintiff failed to appear for duly scheduled EUOs by submitting the affirmation of an attorney averring that he was present in his firm's office, where the EUOs were scheduled to take place, on the dates on which the EUOs were scheduled; that he would have either conducted the EUOs himself or assigned another attorney to [*2]do so had plaintiff appeared for either scheduled EUO; and that plaintiff did not appear on either date (see e.g. MAZ Chiropractic, P.C. v State Farm Ins. Co., 85 Misc 3d 135[A], 2025 NY Slip Op 50492[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2025]; SVP Med Supply, Inc. v GEICO, 76 Misc 3d 134[A], 2022 NY Slip Op 50931[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2022]; SVP Med Supply, Inc. v GEICO, 76 Misc 3d 127[A], 2022 NY Slip Op 50775[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2022]; Parisien v Ameriprise Auto & Home, 75 Misc 3d 138[A], 2022 NY Slip Op 50581[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2022]). To the extent that plaintiff contends that an issue exists with respect to defendant's counsel's recollection of plaintiff's failure to appear, such a contention lacks merit, as, on its face, counsel's affirmation was not "unworthy of belief or incredible as a matter of law" (Joseph-Felix v Hersh, 208 AD3d 571, 573 [2022]; see e.g. MAZ Chiropractic, P.C. v State Farm Ins. Co., 2025 NY Slip Op 50492[U], *1-2; SVP Med Supply, Inc. v GEICO, 2022 NY Slip Op 50931[U], *2). Consequently, this affirmation, standing alone, was sufficient proof of plaintiff's failure to appear for the EUOs, and, contrary to the determination of the Civil Court, submission of the EUO transcripts was unnecessary (see e.g. Nationwide Affinity Ins. Co. of Am. v George, 183 AD3d 755, 757 [2020]; SVP Med Supply, Inc. v GEICO, 2022 NY Slip Op 50931[U]; SVP Med Supply, Inc. v GEICO, 2022 NY Slip Op 50775[U]; Parisien v Ameriprise Auto & Home, 2022 NY Slip Op 50581[U]).
As plaintiff failed to raise a triable issue of fact regarding its failure to appear for either scheduled EUO or challenge the CPLR 3212 (g) findings in defendant's favor, defendant is entitled to summary judgment dismissing the complaint.
Accordingly, the order, insofar as appealed from, is reversed and defendant's motion for summary judgment dismissing the complaint is granted.
MUNDY, J.P., TOUSSAINT and QUIÑONES, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: September 5, 2025