GC Chiropractic, P.C. v State Farm Mut. Auto. Ins. Co. (2025 NY Slip Op 51982(U))

[*1]

GC Chiropractic, P.C. v State Farm Mut. Auto. Ins. Co.

2025 NY Slip Op 51982(U)

Decided on December 5, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 5, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : WAVNY TOUSSAINT, P.J., MARINA CORA MUNDY, JOANNE D. QUIÑONES, JJ

2024-1169 K C

GC Chiropractic, P.C., as Assignee of Lino, Pablo, Respondent, 
against
State Farm Mutual Automobile Ins. Co., Appellant. 

Rivkin Radler, LLP (Stuart M. Bodoff and Cheryl F. Korman of counsel), for appellant.
The Rybak Firm, PLLC (Oleg Rybak, David Paul Horowitz and Damin J. Toell of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Nicholas W. Moyne, J.), dated May 15, 2024. The order, insofar as appealed from, upon granting the branch of defendant's motion seeking leave to renew its prior motion for summary judgment dismissing the complaint, adhered to a prior determination of that court in an order dated October 18, 2022 denying the motion.

ORDERED that the order, insofar as appealed from, is reversed, with $30 costs, and, upon renewal, defendant's motion for summary judgment dismissing the complaint is granted. 
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved for summary judgment on the ground that plaintiff failed to appear for duly scheduled examinations under oath (EUOs). As relevant here, by order dated October 18, 2022, the Civil Court (Nicholas W. Moyne, J.) found, in effect pursuant to CPLR 3212 (g), that defendant had established timely and proper mailing of the EUO scheduling letters and denials, but denied defendant summary judgment, finding that the affirmation of defendant's attorney attesting to plaintiff's failure to appear for the EUOs was insufficient due to the "significant lapse in time" between the alleged no-shows and execution of the affirmation. 
Defendant subsequently moved for leave to renew its motion, arguing that, under SVP Med Supply, Inc. v GEICO (76 Misc 3d 134[A], 2022 NY Slip Op 50931[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2022]), defendant's attorney's affirmation was sufficient to demonstrate plaintiff's failure to appear. Defendant appeals from so much of an order of the Civil Court (Nicholas W. Moyne, J.) dated May 15, 2024 as, upon granting the branch of defendant's motion seeking leave to renew, adhered to its prior determination denying defendant's [*2]motion for summary judgment, finding that the attorney's affirmation was "on its face unworthy of belief" as it was executed approximately three years after the purported EUO no-shows.
Contrary to the finding of the Civil Court, defendant's attorney's affirmation, "on its face, . . . was not unworthy of belief" (SVP Med Supply, Inc., 2022 NY Slip Op 50931[U], *2; see Brefni Chiropractic Diagnostics, P.C. v State Farm Mut. Auto. Ins. Co., 87 Misc 3d 128[A], 2025 NY Slip Op 51518[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2025]; MAZ Chiropractic, P.C. v State Farm Ins. Co., 85 Misc 3d 135[A], 2025 NY Slip Op 50492[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2025]), and was sufficient to demonstrate that plaintiff failed to appear for the scheduled EUOs (see SVP Med Supply, Inc., 2022 NY Slip Op 50931[U], *1-2; see also Hertz Corp. v Active Care Med. Supply Corp., 124 AD3d 411 [2015]; Brefni Chiropractic Diagnostics, P.C., 2025 NY Slip Op 51518[U]; MAZ Chiropractic, P.C., 2025 NY Slip Op 50492[U]; T & J Chiropractic, P.C. v State Farm Mut. Auto. Ins. Co., 47 Misc 3d 130[A], 2015 NY Slip Op 50406[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; Natural Therapy Acupuncture, P.C. v State Farm Mut. Auto. Ins. Co., 44 Misc 3d 141[A], 2014 NY Slip Op 51310[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]).
To the extent that plaintiff purports to challenge on appeal the Civil Court's finding, in effect, that defendant is otherwise entitled to judgment, such challenge lacks merit.
Accordingly, the order, insofar as appealed from, is reversed and, upon renewal, defendant's motion for summary judgment dismissing the complaint is granted. 
TOUSSAINT, P.J., MUNDY and QUIÑONES, JJ., concur.
ENTER:
Jennifer Chan
Acting Chief Clerk
Decision Date: December 5, 2025